499 P.2d 1252

**INSURANCE CENTER, INC., Plaintiff-Respondent,**

v.

**Dallan C. TAYLOR and Darwin M. Packard, Defendants-Appellants.**

**No. 10730.**

Supreme Court of Idaho.

July 27, 1972.

Ronald G. Carter, Boise, for defendants-appellants.

Dale Clemons and Max Eiden, Jr., of Clemons, Cosho, Humphrey & Samuelsen, Boise, for plaintiff-respondent.

McFADDEN, Justice.

This appeal brings before this Court for consideration a restrictive covenant[1] contained in two separate employment agreements entered into by each appellant, Dallan C. Taylor and Darwin M. Packard, with respondent Insurance Center, Inc. The Taylor agreement is dated April 1, 1968, and the Packard agreement is dated March 18, 1968. After the case was tried to the court sitting without a jury, findings of fact, conclusions of law and judgment

---

1. Agent's Agreement. "7. The agent agrees and promises that after his termination as an Agent of the Agency, he will refrain from selling life or accident and health policies and certificates to any insureds of the Agency or to any member of an association or group serviced by the Agency. The Agent also agrees not to disturb in any way the Agency structure or interfere or molest the business of the Agency. Should the Agent violate any provision of this paragraph, his right to renewal commissions in this agreement shall immediately cease; provided, however, this shall not effect the Agency's right to injunctive relief or any other relief provided by law."

were entered in favor of Insurance Center, Inc., which modified the covenant, and enforced the modified agreement by injunctive relief in favor of Insurance Center, Inc.

Insurance Center, Inc., a corporation with its principal place of business at Boise, is engaged in the insurance brokerage business for several insurance companies. Primarily its business is the placing of group health and accident policies with unincorporated associations and groups that have joined together because of a common interest. Generally, a master policy written by a particular insurance company issues through Insurance Center to the particular group or association. Agents of this insurance company initially contact the individual members of the group for a limited period of time, and then respondent's agents solicit on behalf of the insurance company. The soliciting agents in contacting the members of the group attempt to sell the members certificates of insurance based on the master policy. Occasionally however, a "franchise" operation is employed where members of the group or association are issued individual policies of insurance by the particular company. The franchise operation, consequently, does not utilize master policies.

Both the appellants were employed by Insurance Center to serve as agents. Taylor was with the agency from November 1, 1965, to August 26, 1968, and Packard was with the agency from June 15, 1967, to August 10, 1968. Each of the appellants executed an employment agreement with respondent in the spring of 1968. These agreements contain the restrictive covenant now before the Court. The appellants terminated their association with Insurance Center and went to work as agents for another insurance agency also dealing with health and accident insurance. While in their new employment the appellants sold a small number of health and accident policies of insurance to individuals who then had policies or certificates of insurance which were issued through Insurance Center. The respondent, Insurance Center,

sought to enjoin by this action the solicitation of its insureds by the appellants.

In its complaint Insurance Center sought not only injunctive relief, but also damages for breach of the covenant contained in the agreements. After answering the complaint the appellants in a counterclaim also asserted that the restrictive covenant in question was null and void as being contrary to public policy and being unconscionable and overly restrictive to them, and they further claimed that it was vague and ambiguous.

On motion of the appellants, the trial court entered its order pursuant to I.R.C.P. 42(b), to first try the case on the issue of the validity of the restrictive covenant, reserving for subsequent proceedings any issue on the damages. Pursuant to this order trial was held of the validity of the restrictive covenant.

In its findings of fact the trial court determined that the phrase in the covenant in question "or to any member of an association or group serviced by the Agency" refers to all members of an association or group holding a master policy serviced by Insurance Center, and also determined that such phrase was divisible from the remainder of Paragraph 7, *supra,* n 1. It also found that the restriction in Paragraph 7 was unlimited in time or territory, but by reasonable implication it was limited in application to the State of Idaho and limited to those *insureds* of or persons *serviced* by Insurance Center at the time defendants terminated their employment. Accepting the defendant's contention that the restricted subject matter covered too broad an area, the district court found the term "insureds" to encompass individuals who not only held certificates or policies of insurance issued under a "master plan" through a group or an association, but, to include any member of such an association or group. The court found that there were approximately 5,000 insureds of Insurance Center, and that the total membership in the associations or groups serviced by it in Idaho was approximately 15,000. The

court found that Insurance Center had a business interest in protecting its insurance business with those associations, groups and persons who were insured but that it had no legitimate business interest in preventing defendants from selling life or health and accident policies to uninsured members of associations or groups holding a master policy serviced by it. The court further found that subsequent to the defendant's termination of employment they sold accident and health policies of insurance to insureds in violation of the restrictive covenant. The court also found that five to seven years was the average length of time holders kept in force certificates under master policies issued by Insurance Center to associations and groups.

In its conclusions of law the court ruled that public policy requires individuals to have liberty in contracting and that courts should not declare contracts void if by any reasonable construction they can be upheld. It further held that restrictive covenants ancillary to contracts of employment will be enforced when reasonable as to scope of restricted activities and when reasonable as to territory and time. If no time or territory is fixed therein, a court in construing such covenants may imply and fix a reasonable time limit and territorial scope. The court then concluded that the plaintiff was entitled to a decree enforcing the restrictive covenant, limited to a time of five years from termination of employment and limited to the territory of Idaho.

In its judgment, the trial court enjoined the defendants for a period of five years from the respective termination of their employment with Insurance Center from selling life or accident and health policies or certificates to any master policy holder serviced by Insurance Center, or to any person holding a certificate under a master policy, or to any insurance policy serviced by Insurance Center, Inc., in force as of the date of termination of defendants' employment by plaintiff.

In effect, the district court determined that the restrictive covenant as written was unlimited in its temporal and territorial scope and overbroad in its subject matter. Applying a rule of law not previously considered by prior decisions of this Court, the district court modified and supplied the parameters of the covenant in respect to duration, area covered and activities restrained. As modified, the covenant was enforced.

The thrust of the appellants' appeal is simply that the covenant is unenforceable because the proscribed activity is too comprehensive and because the essential terms of time and geographic area were unlimited in scope. Further, the appellants argue that the district court by modifying the scope of restricted activities and supplying terms for the time and geographic area when such terms were omitted in the original covenant exceeded its authority. Thus, they contend the covenant is unenforceable as modified and the judgment should be reversed.

■ This Court is committed to the rule that restrictive covenants ancillary to employment contracts which are reasonable to the employer, the employee and the public are enforceable. Marshall v. Covington, 81 Idaho 199, 339 P.2d 504 (1959). However, in Drong v. Coulthard, 87 Idaho 486, 394 P.2d 283 (1964), this Court, again in considering a restrictive covenant affecting an employee, held that under the facts of that case where the employers were found to have unfairly dealt with the employee, enforcement of such a covenant against the employee would be inequitable, stating:

"The authorities are quite uniform in their holding concerning the legal principles involved in a case of this nature. This court has stated that where a court of equity is asked to enforce a covenant by ordering specific performance and granting an injunction to prevent a breach of it, equitable principles will prevail and the rules of fair dealing and good conscience must be applied." 87 Idaho at 496, 394 P.2d at 289.

■ While it is settled that equitable principles are applicable to cases involving restrictive convenants ancillary to employ-

ment contracts, this Court in resolving the issues of this appeal must decide whether such equitable principles may be employed by a court when certain terms are omitted and others are overbroad in such a covenant. *See* Ehlers v. Iowa Warehouse Co., 188 N.W.2d 368 (Iowa 1971); Gulick v. A. Robert Strawn & Associates, Inc., 477 P.2d 489 (Colo.1970); Wood v. May, 73 Wash. 2d 307, 438 P.2d 586 (1968); Igoe v. Atlas Ready-Mix, Inc., 134 N.W.2d 511 (N.D. 1965); John A. Roane, Inc. v. Tweed, 89 A.2d 548 (Del.1952); 6A Corbin on Contracts, § 1390, § 1394; 5 Williston on Contracts (Rev.ed.1937, Supp.1968), §§ 1628, 1643, 1653–1660.

Early decisions utilizing the modification principle restricted its application to those cases where the unreasonable portions of the restraint were phrased in a manner which made them severable or divisible from the other reasonable restrictions. Chessman v. Nainby, 2 Str. 739, 93 Eng. Rep. 819 (K.B.1726); Mallan v. May, 11 M & W 653 (1843). In such a case, the court would simply apply the "blue pencil" to the unreasonable phrases and enforce the remainder. Many recent cases allowing modification now ignore the divisibility aspect and modify it whether the phraseology of the covenant lends itself to severability or not. Wood v. May, *supra*; Fullerton Lumber Co. v. Torborg, 270 Wis. 133, 70 N.W.2d 585 (1955); Ceresia v. Mitchell, 242 S.W.2d 359 (Ky.1951); Denny v. Roth, 296 S.W.2d 944 (Tex.Civ.App. 1957). *See* Gulick v. A. Robert Strawn & Associates, Inc., *supra*.

■ Appellants warn against this Court recognizing the authority of a trial court to exercise any authority in modification of ancillary restrictive convenants, contending that such a rule would be an invitation to *in terrorem* tactics by employers. The appellants urge that since an employer usually enjoys a superior bargaining position, onerous covenants will be included in employment contracts leaving a reasonable position for employers to retreat in the event of litigation. However, we are not convinced of the validity of this proposition. Whenever evidence of conscious overreaching, bad faith, monopolization or deliberate oppression is shown, an employer will be denied equitable relief in seeking enforcement of the agreement, unless there is a compelling public interest at stake. Since the essence of the rule of reasonable enforcement is a recognition of the public interest involved in each case, the enforcement of such overreaching covenants would be scrupulously examined for any detrimental effects.

The New Jersey Supreme Court succinctly pointed out in Solari Industries, Inc., v. Malady, 55 N.J. 571, 264 A.2d 53 (1970):

"When an employer through superior bargaining power, extracts a deliberately unreasonable and oppressive noncompetitive covenant he is in no just position to seek, and should not receive, equitable relief from the courts." 264 A.2d at 56. In Fullerton Lumber Co. v. Torborg, 270 Wis. 133, 70 N.W.2d 585, 592 (1955), the court noted that restrictive covenants should be held totally void "if there is any credible evidence to sustain a finding that they are deliberately unreasonable and oppressive, * * * whether severable or not."

■ It is the conclusion of this Court that the cases which authorize a modification of restrictive covenants ancillary to employment agreements are more consistent with the inherent concerns of a court of equity—fairness and reasonableness. Adoption of the modification principle allows a court to escape the rule of arbitrary refusal to enforce a covenant which, while unreasonable or indefinite in some of its terms, nevertheless serves to protect a legitimate interest of the parties or the public as the case may be. By rejecting the *in toto* approach and the "divisibility" concept this Court seeks to provide flexibility in determining remedies available to the parties and the public. Consequently, enforcement is variable upon the circumstances of each case. Rather than choosing between

absolute enforcement or unenforcement, there will be a wide range of alternatives available to meet the particular facts of the case being tried.

The problem facing this Court in resolution of the issues on this appeal is magnified by the fact that the district court's finding of fact No. XI stands unchallenged. The appellants apparently have no complaint about that finding which states:

"That the plaintiff has a legitimate business interest in protecting its insurance business with those Associations, groups, and persons who at the time of the termination by the defendants of their employment with plaintiff were 'insureds of the Agency' as herein defined."

In conjunction, the district court had found

"[t]hat the phrase 'insureds of the Agency' in Paragraph 7 refers to (a) any master policy holder serviced by the Agency; (b) any person holding a certificate under such a master policy; (c) any person holding a policy of insurance serviced by the Agency."

The district court's findings must be accepted by this Court as controlling. However, in order for the district court to afford protection to the respondent's legitimate business interest, it became necessary for that court to strike from the challenged paragraph 7 the following: "or to any member of an association or group serviced by the Agency." Moreover, the district court then had to supply the geographical limitations for the paragraph and, as well, supply the time within which such a restriction could be enforced.

Even though this Court accepts the principal that a trial court may in a proper case modify a restrictive covenant, nevertheless the covenant in question here was so lacking in the essential terms which would protect the employee, namely a limitation on time, area, and scope of activity, that the covenant is as a matter of law unenforceable. The trial court did not modify the covenant—it had to supply the essential restrictions to make it reasonable.

The judgment of the district court is reversed. Costs are awarded to appellants.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.