523 P.2d 822

**James L. STIPP, Plaintiff-Respondent,**

v.

**WALLACE PLATING, INC., an Idaho corporation, et al., Defendants-Appellants.**

**No. 11274.**

Supreme Court of Idaho.

June 19, 1974.

---

Charles L. Roos of Coughlan, Imhoff, Christensen & Lynch, Boise, for defendants-appellants.

Noack & Korn, Boise, for plaintiff-respondent.

BAKES, Justice.

Defendant-appellant Wallace Plating, Inc., is engaged in the business of rechroming bumpers and distributing body shop materials. Plaintiff-respondent James L. Stipp was an employee of appellant from 1960 until 1972, at which time he voluntarily terminated his employment with appellant. At the time of his termination, he was vice president of the corporation.

In 1964, appellant established a Pension Trust Plan composed of contributions from the employer and employees. Article V, paragraph 5.11, of the plan provided:

"Forfeiture Upon Entry Into Competition.—If a participant whose employment has terminated shall be employed by a competitor of the employer or shall engage, directly or indirectly, in any business competitive with the employer as determined by the committee, he shall forfeit any and all payments and benefits due or to become due to him from the trust fund or other funds as hereinbefore provided."

Upon his termination with appellant, respondent began distributing body shop materials in the Boise area in direct competition with appellant. Appellant returned to respondent all of respondent's contributions to the Pension Trust Plan, but because of respondent's violation of the non-competition clause in the Pension Trust Plan refused to pay $4,273.14 which appellant, as employer, had contributed to respondent's account in the Plan.

Appellant's motion for summary judgment was heard on a written stipulation of facts. Following oral arguments, the trial court rendered a memorandum decision in favor of respondent and entered judgment in the sum of $4,208.06. From this judgment, appellant brings this appeal.

The issue presented by this appeal is whether or not the restrictive anti-competition covenant contained in the pension trust plan is enforceable.

This Court has recognized the validity of restrictive covenants when they are reasonable as applied to the covenantor, the covenantee and the general public. Insurance Center, Inc. v. Taylor, 94 Idaho 896, 499 P.2d 1252 (1972); Marshall v. Covington, 81 Idaho 199, 339 P.2d 504 (1959). Different standards of construction of the "reasonableness" of the covenant are applied to different types of covenants. Thus, restrictive covenants in contracts limiting an employee's natural right to pursue an occupation and thus support himself and his family will be strictly scrutinized. Marshall v. Covington, *supra*. This Court has sanctioned a "blue pencil" approach wherein the courts may "modify" a restrictive covenant to make it reasonable, so long as the covenant in question is not lacking in essential terms which would protect the employee. Insurance Center, Inc. v. Taylor, *supra*; *see* Annot., 45 A.L. R.2d 77 (1956).

In contrast to a restrictive covenant contained in an employment contract, in situations where the restrictive covenant is ancillary to the sale of a business, the courts, in ruling upon the reasonableness

of the restriction, recognize that the vendee is usually purchasing the good will of the business and thus is entitled to reasonable protection from competition by the seller. In these cases the courts are less strict in construing whether the covenant is "reasonable." *See* Shakey's, Inc. v. Martin, 91 Idaho 758, 430 P.2d 504 (1967); Marshall v. Covington, *supra*; Vancil v. Anderson, 71 Idaho 95, 227 P.2d 74 (1951).

In this case, appellant established a pension trust fund in order to create greater stability in employer and employee relationships and increased efficiency of employee personnel.[1] One of the contracted conditions between appellant and respondent for respondent's participation in the plan was that respondent would forfeit all benefits due from the trust fund if he entered into competition with appellant.

Unlike the restrictive covenants in an employment contract or a contract ancillary to the sale of a business, wherein the covenantor is subject to an injunction if he violates the provisions of the covenant, this case involves only the loss of the amount of the employer's contribution to the pension plan. Consequently, the reasonableness of the plan is not subject to the same high degree of scrutiny as covenants found in employment contracts or the less restrictive standard applied to contracts ancillary to the sale of a business. In cases involving restrictive covenants the reasonableness of each restriction will be determined according to the facts of the case. In this case, respondent stipulated, in effect, that he violated the provisions of the covenant by immediately going into competition in the Boise area, and therefore the covenant as applied to respondent was reasonable and enforceable.

Judgment reversed. Costs to appellant.

SHEPARD, C. J., McQUADE and McFADDEN, JJ., and SCOGGIN, D. J., concur.

1. Declaration of Trust, Pension Trust Plan, June 1, 1964.