178 P.3d 616

**Stanley BYBEE, individual, and Bybee Air Service, Inc., an Idaho corporation, Plaintiffs–Counterdefendants–Respondents,**

v.

**Denise ISAAC, an individual, Defendant–Counterclaimant–Appellant,**

and

**Dusty's Flying Service, Inc., an Idaho corporation, and Farm Air, LLC, an Idaho limited liability company, Defendants–Appellants.**

No. 33251.

Supreme Court of Idaho,
Boise, December 2007 Term.

Jan. 30, 2008.

Rehearing Denied March 14, 2008.

standard, the district court reduced the award to $6,540.63.

Lojek Law Offices, Boise, for appellants. Donald W. Lojek argued.

Kormanick, Hallam & Sneed, Meridian, for respondents. Thomas Guy Hallam, Jr., argued.

BURDICK, Justice.

This case arises from a dispute over a covenant not to compete. After trial, the jury found the covenantor, Appellant Denise Isaac, breached the non-compete agreement. Appellants, Isaac and Farm Air, LLC, allege several errors were made below and appeal from the district court's denial of their alter-

native motions for judgment notwithstanding the verdict and a new trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Denise Isaac owned and operated Dusty's Flying Service, Inc., a crop dusting business servicing the area around Mountain Home. Isaac sold the company to Respondent Stanley Bybee in 2001. The purchase agreement included a covenant that "Denise Isaac d/b/a Dusty's Flying Service shall not compete directly or indirectly with Stan Bybee d/b/a Nyssa Air Service" for five years. Bybee formed a corporation in 2002 named "Bybee Air Service, Inc." (Bybee Air), and he transferred all of the inventory and assets of Nyssa Air Service into the corporation.

After the sale, Isaac worked for Bybee d/b/a Nyssa Air Service and continued to work in the same capacity for Bybee Air after the corporation was formed. Isaac quit in 2004 and began to work for Farm Air, LLC (Farm Air). Once Isaac began working for Farm Air, it obtained many of the customers that were previously customers of Bybee Air. Bybee and Bybee Air filed suit against Isaac for breach of contract and breach of the implied covenant of good faith and fair dealing. Respondents also brought claims of tortious interference with contract and tortious interference with prospective economic advantage against Farm Air. Isaac counterclaimed for breach of employment contract, verbal abuse, harassment, discrimination, and non-payment of wages.

After trial, the jury found that Isaac breached the non-competition agreement and that Farm Air tortiously interfered with contract and prospective economic advantage. The jury also found Bybee Air did not breach its employment contract with Isaac. Isaac filed alternative motions for judgment notwithstanding the verdict and a new trial, which were denied. Isaac and Farm Air appealed.

## II. ANALYSIS

Appellants argue this Court should reverse the district court's denial of various motions and vacate the district court's order, or in the alternative, remand for a new trial. As to the non-compete covenant, Isaac asserts it is not ambiguous, that it is overbroad and unenforceable, that it is not assignable, and that the jury was improperly instructed on the law. Farm Air asserts there was insufficient evidence on the claims for tortious interference with contract and prospective economic advantage and thus, instructing the jury on those claims was improper. Additionally, Isaac argues Bybee breached the covenant of good faith and fair dealing by sexually harassing her. Finally, Isaac argues judgment should have been entered against Bybee because, as an individual, he did not prevail on any of his claims. We address each of these issues in turn.

### A. Standard of Review

Isaac contends this Court should reverse the district court's denial of the Appellants' motions for directed verdict, judgment notwithstanding the verdict, and new trial on the basis of several errors.[1] When this Court determines whether a motion for a directed verdict or j.n.o.v. should have been granted, we apply the same standard as the court that originally passed on the motion. *Vendelin v. Costco Wholesale Corp.*, 140 Idaho 416, 430, 95 P.3d 34, 48 (2004). "This Court exercises free review and does not defer to the findings of the trial court." *Id.* We "must determine whether, admitting the truth of the adverse evidence and drawing every legitimate inference most favorably to the opposing party, there exists substantial evidence to justify submitting the case to the jury." *Id.* (internal quotations and citations omitted).

We review a trial court's order granting or denying a motion for new trial for a manifest abuse of discretion. *Jones v. Panhandle Distribs., Inc.*, 117 Idaho 750, 755, 792 P.2d 315, 320 (1990). This Court reviews the evidence, but does not "weigh" it

---

1. Appellants also argue that their motions for summary judgment should have been granted. However, this Court does not review the denial

of summary judgment when there has been a trial on the merits. *Garcia v. Windley,* 144 Idaho 539, 542, 164 P.3d 819, 822 (2007).

as does the trial court. *Id.* Abuse of discretion is determined by a three part test which asks whether the district court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004).

The district court recognized the decision to grant a new trial was a discretionary decision and supported its decision on the various claims of errors with analysis demonstrating an exercise of reason. Therefore, whether the trial court erred by denying the motions for directed verdict, j.n.o.v., and new trial depends on whether the court erred as a matter of law.

**B. The covenant not to compete is ambiguous.**

 Isaac contends the district court erred by ruling the covenant not to compete is ambiguous. "When the language of a contract is clear and unambiguous, its interpretation and legal effect are questions of law." *Lamprecht v. Jordan, LLC*, 139 Idaho 182, 185, 75 P.3d 743, 746 (2003). When interpreting the contract, we determine the intent of the contracting parties at the time the contract was entered into and do so by viewing the contract as a whole. *Id.* "Whether a contract is ambiguous is a question of law." *Id.* A contract is ambiguous when it is reasonably subject to conflicting interpretations. *Id.* Generally, an ambiguous term in a contract requires the fact finder to determine the intent of the parties. *Griffith v. Clear Lakes Trout Co., Inc.*, 143 Idaho 733, 737, 152 P.3d 604, 608 (2007).

The covenant not to compete provides:

DENISE ISAAC d/b/a DUSTY'S FLYING SERVICE, Shall not compete directly or indirectly against STAN BYBEE d/b/a NYSSA AIR SERVICE for five (5) years

From the date hereof within a fifty (50) mile radius of Mountain Home, Idaho.

/s/

Denise Isaac, Owner

Dusty's Flying Service, Inc.

/s/

Stan Bybee, Owner

Nyssa Air Service

 Isaac contends the non-compete covenant is unambiguous and that consequently, testimony as to the intent of the parties should not have been admitted. The contract names Denise Isaac d/b/a Dusty's Flying Service. However, Dusty's Flying Service was a corporation, which is a distinct legal entity. *See Jolley v. Idaho Sec., Inc.*, 90 Idaho 373, 387, 414 P.2d 879, 887 (1966). Thus, it was unclear whether the agreement applied to Isaac as an individual or solely to the corporation, Dusty's Flying Service, Inc. Therefore, we hold the district court did not err by allowing evidence as to that ambiguous term.

**C. The non-compete covenant is not over-broad or unenforceable as a matter of law.**

Isaac contends the non-compete covenant is unenforceable as a matter of law. The parties support their arguments with cases involving non-compete agreements in employment contracts; however, the non-compete covenant in this case was ancillary to the sale of a business.[2] Though this Court has said non-compete covenants are disfavored in the employment context, we have not said they are disfavored when ancillary to the sale of a business. *Stipp v. Wallace Plating, Inc.*, 96 Idaho 5, 6, 523 P.2d 822, 823 (1974) ("restrictive covenants in contracts limiting an employee's natural right to pursue an occupation and thus support himself and his family will be strictly scrutinized," but courts are less strict in construing the reasonableness of such covenants ancillary to the sale of a business); *Marshall v. Covington*, 81 Idaho 199, 203, 339 P.2d 504, 506

---

2. Below, Isaac contended the non-compete covenant was not part of the original purchase agreement. Nonetheless, the jury found the "non-competition agreement [to be] a part of the origi-nal agreement" and this finding is supported by substantial and competent evidence in the record.

(1959) (restrictive covenants in employment contracts are more strictly construed than those ancillary to the sale of a business). Covenants not to compete in business purchase agreements "are designed to protect the goodwill integral to the business from usurpation by the former owner, while at the same time allowing an owner to profit from the goodwill, which he or she may have spent years creating." 54a Am.Jur.2d *Monopolies, Restraints of Trade, and Unfair Trade Practices* § 853 (1996) (footnotes omitted).

Covenants not to compete are valid when they are reasonable as applied to the covenantor, the covenantee, and the general public. *Stipp,* 96 Idaho at 6, 523 P.2d at 823. When the covenant not to compete is ancillary to the sale of a business, any decision on the reasonableness of the covenants must recognize "that the vendee is usually purchasing the good will of the business and thus is entitled to reasonable protection from competition by the seller." *Id.* at 6–7, 523 P.2d at 823–24; *see also Vancil v. Anderson,* 71 Idaho 95, 101, 227 P.2d 74, 77 (1951).

A non-compete covenant must be reasonably limited as to time, scope, and territorial extent. *Vancil,* 71 Idaho at 101, 227 P.2d at 77; 54a Am.Jur.2d *Monopolies, Restraints of Trade, and Unfair Trade Practices* § 853. A court determines whether the covenantee has a legitimate business interest worthy of protection and if so, whether the covenant is a reasonable means of protecting that interest. *Shakey's Inc. v. Martin,* 91 Idaho 758, 763–65, 430 P.2d 504, 509–11 (1967); *see also Freiburger v. J–U–B Eng'rs, Inc.,* 141 Idaho 415, 420–21, 111 P.3d 100, 105–06 (2005).

Isaac contends the non-compete covenant is overbroad as a matter of law as to scope, duration, and geographical extent. An agreement is unenforceable when it "is so vague, indefinite and uncertain that the intent of the parties cannot be ascertained...." *Griffith,* 143 Idaho at 737, 152 P.3d at 608; *see also Freiburger,* 141 Idaho at 424, 111 P.3d at 109 (holding non-compete covenant in employment contract was unenforceable as a matter of law for overbreadth).

However, when viewing the non-compete covenant in this case in the context of the sale of a business, it is not so over-broad and vague as to be unenforceable as a matter of law. As to duration and geographical extent, the covenant prohibits competition for five years and within a fifty mile radius of Mountain Home. There is no support for an argument that these restrictions on their face are overbroad as a matter of law.

As to scope, Isaac complains the covenant restricts all competitive activity in any line of business. When this Court interprets a contract, it must view the contract as a whole. The covenant prohibits the covenantor from "compet[ing] directly or indirectly" with Bybee. *Lamprecht,* 139 Idaho at 185, 75 P.3d at 746. The non-compete covenant was part of the purchase agreement. The agreement was to sell the inventory of Dusty's Flying Service, Inc. as well as all the rights and interest in the customer contracts, use of the name Dusty's Flying Service, Inc., and all of the rights and interest "in any other aspect of the corporation." Viewing the contract as a whole, it is clear the prohibition on competition corresponds to the type of business engaged in by "Dusty's Flying Service, Inc."

It is true that in the employment context, non-compete covenants should expressly limit the scope of activities the employee is prohibited from performing. *Freiburger,* 141 Idaho at 422, 111 P.3d at 107; *Pinnacle Performance, Inc. v. Hessing,* 135 Idaho 364, 368–69, 17 P.3d 308, 312–13 (Ct. App.2001). However, non-compete covenants ancillary to the sale of a business are not subject to as strict of a construction as are those contained in employment contracts. *Stipp,* 96 Idaho at 6, 523 P.2d at 823; *see also Ryska v. Anderson,* 70 Idaho 207, 210–11, 214 P.2d 874, 875 (1950) (noting the non-compete clause was combined with the sale of a business and holding the clause was reasonably limited as to scope; the clause at issue did not specifically articulate prohibitive competitive activity).

The non-compete clause in this case was part of an agreement to purchase a business, and when viewing the contract as a whole, the prohibition on indirect or direct competi-

tion refers to competing in the crop dusting business in which Dusty's Flying Service, Inc. engaged. Thus, we hold the non-compete covenant is not overbroad as a matter of law as to scope of activity. Therefore, because the covenant is not unenforceable as a matter of law and because a determination that the clause is reasonable is supported by substantial and competent evidence in the record, the covenant is enforceable.

### D. The non-compete covenant is assignable.

Isaac insists the non-compete covenant in this case is not assignable and that in any case, the assignment had to be in writing and there was no evidence of any assignment between Bybee and Bybee Air.

Isaac argues that because a non-compete covenant must be in writing, the assignment of a non-compete covenant must also be in writing. First, there is no support for the statement that a non-compete covenant must always be in writing. The two cases cited by Isaac stand only for the proposition that those particular non-compete covenants needed to be in writing because the duration of the covenants subjected them to the statute of frauds. *See Treasure Valley Gastroenterology Specialists, P.A. v. Woods,* 135 Idaho 485, 489, 20 P.3d 21, 25 (Ct.App.2001); *Frantz v. Parke,* 111 Idaho 1005, 1007, 729 P.2d 1068, 1070 (Ct.App.1986). Nor is there authority supporting the argument that because a non-compete covenant is subject to the statute of frauds, its assignment will also always be subject to the statute of frauds. In this case, the covenant prohibited competition for five years, which does fall within the statute of frauds, but Isaac has not shown how this particular assignment of the non-compete covenant from Bybee d/b/a Nyssa Air Service to Bybee Air Service, Inc. is subject to the statute of frauds, i.e., that the assignment itself could not be performed within one year. *See* I.C. § 9–505.

Isaac also argues that as a matter of policy, non-compete covenants are not assignable. This is an issue of first impression in Idaho. Isaac supports this argument with citations to cases from other jurisdictions—however those cases hold only that non-compete covenants in *employment contracts* are not assignable.[3] The non-compete covenant in this case was not part of an employment contract; it was ancillary to the sale of a business. Generally, a non-compete covenant ancillary to the sale of a business is assignable and an express assignment of the covenant to the subsequent purchaser is unnecessary; the covenant is treated as part of the goodwill of the business sold. 6 Am. Jur.2d *Assignments* § 42 (1999). Bybee testified that all of the assets and liabilities of Nyssa Air Service "went into" Bybee Air. Isaac has not produced any evidence demonstrating that an assignment or transfer of assets did not occur. Therefore, the district court's instruction to the jury, that as a matter of law, the change from Stanley Bybee d/b/a Nyssa Air to Bybee Air Service, Inc. had no effect on the agreement, is in alignment with the general rule.

Thus, because non-compete covenants ancillary to the sale of a business are assignable absent a provision to the contrary and in this case an express assignment of the covenant was unnecessary, we hold that the district court did not err by failing to make a conclusion to the contrary.

### E. The jury was properly instructed as to non-compete agreements.

Isaac argues that the jury was not properly instructed because the district court failed to include an instruction that non-compete agreements are disfavored and must be strictly construed against the employer.

This Court exercises free review in determining whether a jury has been properly instructed. *Vendelin,* 140 Idaho at

---

**3.** Some jurisdictions have said that non-compete covenants in an employment contract are not assignable while other jurisdictions have allowed assignments in certain circumstances. *See, e.g., Hess v. Gebhard & Co. Inc.,* 570 Pa. 148, 808 A.2d 912, 922 (2002) (non-compete covenants in employment contracts are not assignable absent specific provisions for assignability); *Rogers v. Runfola & Assocs., Inc.,* 57 Ohio St.3d 5, 565 N.E.2d 540, 543 (1991) (non-compete covenant in employment contract assignable when only the structure of the business changed and no additional burdens were placed on employee).

432, 95 P.3d at 50. The Court must determine whether the jury instructions "as a whole, fairly and adequately present the issues and state the law." *Id.* (internal quotations and citation omitted).

As discussed above, non-compete covenants are only disfavored in the employment context. The covenant at issue here was ancillary to the sale of a business, thus an instruction that the covenant is disfavored and must be strictly construed against the *employer* is not relevant.

We hold the jury instructions as a whole fairly state the law. The jury was instructed that Bybee Air had the burden of proving a contract existed between itself and Isaac, that Isaac violated the contract, and that the covenant not to compete had to be reasonable in duration, geographical area, and scope of activity limited. Therefore, we hold the jury was properly instructed on non-compete covenants.

### F. There was evidence Farm Air tortiously interfered with contract.

Farm Air asserts that there was insufficient evidence to support jury instructions on the issues of tortious interference with contract and tortious interference with prospective economic advantage. In this case, the damages for the separate torts are the same; therefore, because we hold there was tortious interference with contract, the damages stand and it is unnecessary to address tortious interference with prospective economic advantage.

Tortious interference with contract has four elements: (1) the existence of a contract; (2) knowledge of the contract on the part of the defendant; (3) intentional interference causing a breach of the contract; and (4) injury to the plaintiff resulting from the breach. *Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.,* 121 Idaho 266, 283–84, 824 P.2d 841, 858–59 (1991) (citing *Barlow v. Int'l Harvester Co.,* 95 Idaho 881, 893, 522 P.2d 1102, 1114 (1974)).

Farm Air argues that because it did not lure Isaac away from Bybee Air Service, there was no evidence it intentionally interfered with the contract. The "intent" of the "intentional interference" requirement can be inferred by the jury from evidence of "conduct substantially certain to interfere with the [contract]." *Highland Enters., Inc. v. Barker,* 133 Idaho 330, 340, 986 P.2d 996, 1006 (1999). In a case involving a non-compete covenant in an employment contract, this Court held there was support to find lack of intentional interference when the subsequent employer told the former employee not to contact certain customers and further advised the employee not to breach the agreement. *Ins. Assocs. Corp. v. Hansen,* 116 Idaho 948, 952, 782 P.2d 1230, 1234 (1989). In this case, there was evidence from which the jury could have inferred Farm Air engaged in conduct substantially certain to interfere with the non-compete agreement. Jon Eason, the owner of Farm Air, knew of the covenant, hired Isaac directly after she quit working for Bybee Air, and testified that he did not ask Isaac to refrain from contact with customers of Bybee Air before or after he hired her nor put any limitations on her ability to contact customers.

Additionally, there was evidence supporting the remaining three elements of intentional interference with contract. There was testimony showing Isaac entered into a contract, that Eason knew about the contract and knew Nyssa Air Service became Bybee Air, Inc., and there was testimony showing Bybee Air was injured by Isaac's breach of the contract. Thus, we hold there was sufficient evidence to support the jury instruction on intentional interference with contract, and we find it unnecessary to address Farm Air's arguments on tortious interference with prospective economic advantage.

### G. Isaac failed to allege contract damages for her breach of the covenant of good faith and fair dealing claim.

Isaac argues the implied covenant of good faith and fair dealing in all employment contracts is breached when an employer sexually harasses an employee and that, therefore, the court erred by instructing the jury to disregard the evidence of Bybee's verbal abuse and physical touching of Isaac. The district court did not give Isaac's requested jury instruction that if Isaac was subjected to

harassment, there was a breach of the covenant of good faith and fair dealing. Whether the implied covenant of good faith and fair dealing in employment contracts is breached by sexual harassment is an issue of first impression for this Court.

 In *Metcalf v. Intermountain Gas Co.*, 116 Idaho 622, 778 P.2d 744 (1989), this Court recognized there is an implied in law covenant of good faith and fair dealing in employment contracts. This covenant is breached by "[a]ny action by either party which violates, nullifies or significantly impairs any benefit of the employment contract...." *Id.* at 627, 778 P.2d at 749. However, a breach of this covenant results in contract damages, and not tort damages. *Bakker v. Thunder Spring–Wareham, LLC,* 141 Idaho 185, 192, 108 P.3d 332, 339 (2005); *Smith v. Meridian Joint Sch. Dist. No. 2,* 128 Idaho 714, 721, 918 P.2d 583, 590 (1996); *Metcalf,* 116 Idaho at 626, 778 P.2d at 748. Nonetheless, Isaac alleged tort damages and not contract damages for this breach.

 Without deciding whether sexual harassment violates the covenant of good faith and fair dealing in employment contracts, we hold the district court did not err in refusing to give an instruction on the claim because Isaac failed to request any contract based damages from the alleged violation of the covenant.

## H. It was not necessary to enter a judgment against Bybee.

Isaac argues that the district court should have entered a judgment against Bybee as an individual, because he was not entitled to any damages, thus, entitling Isaac to an award of attorney fees. There is no support for an argument that when a party does not prevail on his claims, he should have a judgment entered "against" him. In substance, Isaac appears to argue that she is the prevailing party as to Bybee and should be awarded attorney fees accordingly.

 This Court reviews a determination on prevailing parties for an abuse of discretion. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.,* 141 Idaho 716, 718–19, 117 P.3d 130, 132–33 (2005). Abuse of

discretion is determined by a three part test which asks whether the district court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." *Sun Valley Potato Growers, Inc.,* 139 Idaho at 765, 86 P.3d at 479.

 The district court recognized the determination of prevailing parties was within its discretion and supported its conclusion by an exercise of reason. The court is directed to "consider the final judgment or result of the action in relation to the relief sought by the respective parties." I.R.C.P. 54(d)(1)(B). The district court observed that Isaac was not awarded damages on any of her counterclaims and had to pay damages on all of the claims brought against her. In this case, two parties brought the same claims against Isaac; Isaac lost on all of those claims. The fact that Isaac had to pay all the damages to one plaintiff and not to the other does not make her a prevailing party. The district court was well within its discretion to hold that when considering the final result of the action Isaac was not the prevailing party. Thus, we hold the district court did not err when it failed to enter judgment "against" Bybee.

## I. Attorney Fees on Appeal

 Bybee Air requests attorney fees on appeal pursuant to I.C. § 12–120(3) against Isaac and Farm Air. Idaho Code § 12–120(3) allows an award of reasonable attorney's fees to the prevailing party in a civil action to recover on any commercial transaction. Bybee Air's claim against Isaac does involve a commercial transaction—the sale of a business, Bybee Air was the prevailing party below, and Bybee Air prevails on appeal; therefore, we award it attorney fees on appeal as to the claims against Isaac. Conversely, Bybee Air's claims against Farm Air are tort claims. Tortious interference with contract and economic prospective advantage are torts and not actions to recover on a contract. *See Northwest Bec–Corp. v. Home Living Serv.,* 136 Idaho 835, 842, 41

P.3d 263, 270 (2002) (holding a party is not entitled to attorney fees pursuant to I.C. § 12–120(3) for tortious interference with contract claim). Thus, we decline to award Bybee Air attorney fees pursuant to I.C. § 12–120(3) on its claims against Farm Air.

Bybee Air also requests attorney fees on appeal pursuant to I.C. § 12–121. That statute allows an award of "reasonable attorney's fees to the prevailing party...." I.C. § 12–121. Attorney fees are awarded to the prevailing party only if "the Court determines that the action was brought or pursued frivolously, unreasonably or without foundation." *Baker v. Sullivan,* 132 Idaho 746, 751, 979 P.2d 619, 624 (1999). This appeal involves issues of first impression and the arguments on appeal are not unreasonable or without foundation. Thus, we decline to award attorney fees pursuant to this statute.

### III. CONCLUSION

We affirm the district court. The non-compete covenant is ambiguous, is not overbroad, and is assignable. Additionally, the jury was properly instructed on the law surrounding non-compete agreements. We also hold there was sufficient evidence to justify instructing the jury on tortious interference with contract. It was not necessary to instruct the jury on Isaac's claim that Bybee violated the covenant of good faith and fair dealing because she failed to allege any corresponding contract damages. We hold the district court did not err by failing to enter judgment against Bybee as an individual. Finally, we award Bybee Air attorney fees on appeal for the claims against Isaac but decline to award attorney fees on appeal for the claims against Farm Air. Costs to Respondent.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON concur.

