IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 32274

| MARIA E. GARCIA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff-Appellant, | ) | Boise, March 2007 Term |
| | ) | |
| v. | ) | 2007 Opinion No. 102 |
| | ) | |
| JAY WINDLEY, an individual, | ) | Filed:  July 31, 2007 |
| | ) | |
| Defendant-Respondent. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County.  Honorable Monte Basil Carlson, District Judge.

District court order denying summary judgment, review declined.  Jury instruction on proximate cause, reversed and remanded.

Hutchinson & Brown, LLP, Chtd., Twin Falls, for appellant.  Patrick David Brown argued.

Brassey, Wetherell, Crawford & Garrett, Boise, for respondent.  Robert Thomas Wetherell argued.

_____

BURDICK, Justice

Appellant Maria Garcia appeals a denial of summary judgment and the use of an alleged erroneous jury instruction given on proximate cause.  We decline to review the denial of summary judgment and hold that the proximate cause jury instruction was erroneous.  We reverse and remand to the district court for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2001, a car accident occurred between Appellant Maria Garcia and Respondent Jay Windley in which Windley's vehicle struck Garcia's vehicle from behind.  Garcia filed a personal injury suit against Windley.  Garcia moved for partial summary judgment on several issues including Windley's affirmative defense of mitigation.  The district court granted Garcia's motion in part; however, it denied summary judgment on the issue of mitigation.

1

The first trial began in April 2004 but ended in a mistrial after a witness referred to insurance in the presence of the jury. After a second trial, the jury found that Windley was negligent, that Windley's negligence was the proximate cause of Garcia's injuries, and that Garcia failed to minimize her damages.

In trial, Garcia argued that before the accident Garcia had spondylolysis (a weak or fractured pedicle on the back of her vertebra) making her susceptible to injury, that this is a benign condition unless something causes traumatic injury, and that the collision caused a teardrop fracture in Garcia's vertebra and traumatic spondylolisthesis (one vertebra actually slipping on top of the other). Windley argued the accident only caused a lumbar strain and that the teardrop fracture and spondylolisthesis preexisted the accident. The jury awarded Garcia $11,838.45 in damages.

Garcia moved for a new trial on several grounds including the causation instruction and the denial of summary judgment on the issue of mitigation. The district court denied the motion for a new trial and held the causation instruction was not erroneous, did not mislead the jury, and that even if it were misleading there was no prejudice since the jury found Windley's negligence to be the proximate cause of Garcia's damages. The district court also held that it properly denied Garcia's motion for summary judgment on the issue of mitigation. The district court then awarded Windley costs pursuant to I.R.C.P. 68, which left Garcia with an award of $4,218.43.

## II. ANALYSIS

Garcia argues that the district court erred when it denied summary judgment on the issue of mitigation, and that in this case, the Court should find an exception to the general rule that denials of summary judgment are interlocutory orders. Garcia also argues that the jury instruction on proximate cause was erroneous and prejudiced Garcia in this case. Finally, both parties argue that they are entitled to attorney fees on appeal. We will address each issue in turn.

### A. Mitigation

Garcia argues that we should review the denial of summary judgment because when the district court erroneously denied summary judgment on the issue of mitigation, it did so based on a legal misconception. Windley argues that the denial of summary judgment is not appealable and that we should not make an exception to the general rule in this case.

It is well settled in Idaho that "[a]n order denying a motion for summary judgment is an interlocutory order from which no direct appeal may be taken." *Dominguez ex rel. Hamp v.*

*Evergreen Res., Inc.*, 142 Idaho 7, 13, 121 P.2d 938, 944 (2005) (citation omitted). This rule is not altered by the entry of an appealable final judgment. *Id.*

Garcia urges this Court to adopt an exception to the general rule, identical to the exception recognized in Arizona,[1] that when a denial of summary judgment is "made strictly on a point of law, and that because of such ruling the losing party thereafter was precluded from offering evidence or urging the point at the time of trial . . ." the court may review the denial of summary judgment. *Fleitz v. Van Westrienen*, 560 P.2d 430, 433 (Ariz. Ct. App. 1977) (internal quotations and citation omitted); *see also, e.g.*, *John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 96 P.3d 530, 537 n.5 (Ariz. Ct. App. 2004).

We decline to adopt such an exception because it would violate the policy behind treating orders denying summary judgment as interlocutory. We have recognized the rationale for the rule that an order denying summary judgment not be reviewed on appeal from a final judgment as follows:

> [B]y entering an order denying summary judgment, the trial court merely indicates that the matter should proceed to trial on its merits. *The final judgment in a case can be tested upon the record made at trial, not the record made at the time summary judgment was denied. Any legal rulings made by the trial court affecting that final judgment can be reviewed at that time in light of the full record.* This will prevent a litigant who loses a case, after a full and fair trial, from having an appellate court go back to the time when the litigant had moved for summary judgment to view the relative strengths and weaknesses of the litigants at that earlier stage. Were we to hold otherwise, one who had sustained his position after a fair hearing of the whole case might nevertheless lose, because he had failed to prove his case fully on the interlocutory motion.

*Miller v. Estate of Prater*, 141 Idaho 208, 211, 108 P.3d 355, 358 (2005) (quoting *Gunter v. Murphy's Lounge, LLC*, 141 Idaho 16, 26, 105 P.3d 676, 686 (2005) (quoting *Keeler v. Keeler*, 124 Idaho 407, 410, 860 P.2d 23, 26 (Ct. App. 1993) (emphasis added).

Garcia is not appealing the overruling of any objections to the mitigation evidence presented at trial; Garcia is only appealing the denial of summary judgment. A final judgment has been entered in this case and that judgment can and should be tested upon the record made at

---

[1] Garcia also argues that Alaska has adopted a similar exception. However, *Ondrusek v. Murphy*, 120 P.3d 1053 (Alaska 2005), shows that Alaska actually has the opposite policy. Instead of the general rule that the denial of summary judgment is not appealable, Alaska "has reviewed summary judgment denials." *Ondrusek,* 120 P.3d at 1056 n.2. The Supreme Court of Alaska has noted, though, that when a case has been resolved by a trial on the merits, it would consider limiting its review of summary judgment denials to those based on questions of law. *Id.*; accord *Pederson v. Barnes*, 139 P.3d 552, 556 n.4 (Alaska 2006).

trial, not the record existing at the moment in time summary judgment was denied. Thus, because Idaho appellate courts do not review a denial of summary judgment, we decline to review the district court's denial of summary judgment on the issue of mitigation.

**B. Jury Instruction**

The Court's review of jury instructions is "limited to a determination of whether the instructions, as a whole, fairly and adequately present the issues and state the law." *Newberry v. Martens*, 142 Idaho 284, 287, 127 P.3d 187, 190 (2005) (internal quotations and citations omitted). "When the instructions, as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error." *Id.* (internal quotations and citations omitted.) The appellant has the burden to clearly show prejudicial error from an erroneous jury instruction. *Clark v. Klein*, 137 Idaho 154, 159, 45 P.3d 810, 815 (2002). An erroneous instruction is prejudicial when it could have affected or did affect the outcome of the trial. *Burgess v. Salmon River Canal Co. Ltd.*, 119 Idaho 299, 306, 805 P.2d 1223, 1230 (1991).

Garcia argues that the proximate cause jury instruction was erroneous and prejudicial because this was a multiple cause case and thus a "substantial factor" jury instruction should have been used rather than a "but for" jury instruction. Windley argues that this is not a multiple cause case and that even if it were a "substantial factor" instruction would not have been appropriate. Finally, Windley argues that even if the instruction were erroneous Garcia was not prejudiced. We analyze each issue below.

Instruction No. 15, the proximate cause jury instruction stated:

> When I use the expression "proximate cause," I mean a cause which, in natural or probable sequence, produced the complained injury, loss or damage, and *but for* that cause the damage would not have occurred. It need not be the only cause. It is sufficient if it is a substantial factor in bringing about the injury, loss or damage. It is not a proximate cause if the injury, loss or damage *likely would have occurred anyway.*

> There may be one or more proximate causes of an injury. When the negligent conduct of two or more persons or entities contribute concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury.

(Emphasis added).

In Idaho, the "but for" test may be employed when there is a single possible cause of the injury; however, the "substantial factor" test must be employed when there are multiple possible

4

causes of injury, and the jury must be instructed accordingly. *Newberry*, 142 Idaho at 288, 127 P.3d at 191. "The 'but for' instruction and the 'substantial factor' instruction are mutually exclusive." *Id*. (quoting *Le'Gall v. Lewis County*, 129 Idaho 182, 187, 923 P.2d 427, 432 (1996) (internal quotations omitted)).

The jury instruction at issue here is identical to the jury instruction used for the proximate cause "but for" test. IDJI 2.30.1.[2] The first paragraph of the instruction used in this case is also identical to the jury instruction we reviewed in *Fussell v. St. Clair*, 120 Idaho 591, 818 P.2d 295 (1991).

In *Fussell*, the plaintiffs argued that a doctor committed medical malpractice resulting in the brain damage and death of their child. The Fussells asserted the doctor was negligent in that he: (1) artificially ruptured Mrs. Fussell's fetal membranes during delivery when the child was too high, thereby causing a prolapsed umbilical cord; and (2) mismanaged the delivery when the prolapsed umbilical cord was discovered. *Fussell*, 120 Idaho at 592, 818 P.2d at 296. The doctor submitted evidence to show that there was a nonnegligent cause for the child's brain damage and death for which he was not responsible—an occult (hidden) prolapsed umbilical cord. *Id*. at 593, 818 P.2d at 297. We held the *Fussell* jury instruction was erroneous as the jury could have concluded that the doctor's negligence was not a proximate cause because the brain damage and death of the child "would likely have occurred anyway." *Id*. We also noted that it was not appropriate for the trial court to use the bracketed portion of IDJI 2.30 referring to one or more proximate causes due to multiple negligent actors because neither party alleged any person other than the doctor was negligent. *Id*. at 593-94, 818 P.2d at 297-98.

In *Fussell*, we concluded that because the evidence presented by the defense would have permitted a jury finding that two forces or causes caused the damage, the substantial factor instruction should read:

> When I use the expression "proximate cause," I mean a cause which, in natural or probable sequence, produced the damage complained of. It need not be the only cause. It is sufficient if it is a substantial factor concurring with some other cause acting at the same time, which in combination with it, causes the damage.

_____

[2] Note that in the Idaho Jury Instructions, the second paragraph is bracketed, indicating that it may be used in appropriate cases.

*Id.* at 595, 818 P.2d at 299. The suggested instruction omits any mention of "but for" and also omits the portion instructing that it is not a proximate cause if the damage "likely would have occurred anyway."

This Court recently reaffirmed its position in *Newberry v. Martens*, 142 Idaho 284, 127 P.3d 187 (2005). In that case, the trial court used the suggested substantial factor instruction found in *Fussell*.[3] *Id.* at 287, 127 P.3d at 190. There, Newberry argued the loss of vision in his right eye was due to his doctor's negligence in failing to locate the metal shard in his eye and in failing to refer Newberry to a specialist. *Id.* at 288, 127 P.3d at 191. The doctor argued that the loss was caused by the presence of bacteria which had been introduced to the eye with the metal shard. *Id.* The doctor in *Newberry* contended that the trial court should have used a "but for" instruction instead of a "substantial factor" instruction because there was only one allegedly negligent cause of injury. *Id.* However, we held that the district court correctly determined that it was a multiple cause case since the plaintiff argued the doctor's negligence caused the injury and the defendant doctor argued the presence of bacteria caused the injury. *Id.* We rejected the doctor's arguments that the *Fussell* rule only applies when there are multiple defendants and multiple potential acts of negligence. *Id.* at 289-90, 127 P.3d at 192-93. Instead, we held that policy supports the use of a "substantial factor" instruction when there are multiple causes, even if there is only one potentially negligent defendant. *Id.* at 291, 127 P.3d at 194. Additionally, we held that the omission of the sentence instructing that there is no proximate cause if the injury "likely would have occurred anyway" was appropriate. *Id.* at 288-89, 127 P.3d at 191-92.[4]

Windley attempts to justify the jury instruction given on several grounds. First, Windley argues that *Fussell* and *Newberry* do not apply to the present case because those holdings are limited to medical malpractice cases. However, there is nothing to suggest the discussion surrounding a "substantial factor" instruction in *Fussell* and *Newberry* was meant to apply only to medical malpractice cases. Both of those cases rely on cases outside the medical malpractice

---

[3] In addition, the subsequent jury instruction, also appealed by the doctor in *Newberry* read:

> A cause can be a substantial contributing cause even though the injury, damage or loss would likely have occurred anyway without that contributing cause. A substantial cause need not be the sole factor, or even the primary factor in causing the plaintiff's injuries, but merely a substantial factor therein.

*Newberry*, 142 Idaho at 287, 127 P.3d at 190.

[4] Thus, IDJI 2.30.2, the proximate cause "substantial factor" instruction, which contains the sentence "[i]t is not a proximate cause if the injury, loss or damage likely would have occurred anyway" is in conflict with *Fussell* and *Newberry*.

context. For instance, in *Fussell* the Court cites to a products liability case, *Fouche v. Chrysler Motors Corp.*, 107 Idaho 701, 692 P.2d 345 (1984), to support its conclusion that a "substantial factor" instruction and not a "but for" instruction should have been given. *Fussell*, 120 Idaho at 594-95, 818 P.2d at 298-99. In *Newberry*, the Court cites to a case regarding the negligent cause of a fire and failure to have smoke alarms, *Le'Gall v. Lewis County*, 129 Idaho 182, 923 P.2d 427 (1996), to support its conclusion that a "substantial factor" instruction should be given when there are multiple possible causes of plaintiff's injury. *Newberry,* 142 Idaho at 288, 127 P.3d at 191. Thus, we have previously determined a "substantial factor" causation instruction is appropriate in non-medical malpractice cases, and we decline to now limit such an instruction to medical malpractice cases.

Next, Windley argues that a "substantial factor" instruction would have been inappropriate because this was not a multiple cause case. Garcia contends that throughout Windley's presentation of his case, Windley asserted several possible additional causes of Garcia's injuries including the weather and that the spondylolisthesis preexisted the accident. First, weather cannot be considered a possible cause of the accident. Weather, in and of itself, did not cause the accident. The state of the weather goes to breach—either Windley was driving negligently in that weather or he was not. The parties to this action have continuously mixed and matched arguments concerning the cause of an injury and the cause of an accident. In this case there was one possible cause of the accident and two possible causes of the injury. In this opinion, we are discussing the cause of an injury.

As to possible causes of the injury, Windley theorized that spondylolisthesis preexisted the accident.[5] In *Newberry*, the defendant argued that the introduction of bacteria, which occurred prior to Newberry visiting the doctor, caused the loss of vision. We did not allow the doctor to "point to a second cause, independent of his negligence, and at the same time maintain that [it was] a single cause case." *Newberry*, 142 Idaho at 289, 127 P.3d at 192. Similarly, Windley has pointed to a second and nonnegligent cause of Garcia's damages—that spondylolisthesis developed prior to the accident.

---

[5] Garcia argued that her preexisting condition of spondylolysis was aggravated by the accident to cause spondylolisthesis. Windley argued that Garcia had spondylolisthesis before the accident. Windley is correct that spondylolysis is not a cause of Garcia's damages that would make this a multiple cause case. However, Windley's argument that the damages resulting from Garcia's spondylolisthesis were caused by the preexisting condition of spondylolisthesis and not by the accident is an alleged cause of Garcia's damages.

Thus, because this was a multiple cause case a "substantial factor" instruction and not a "but for" instruction should have been used. Jury Instruction No. 15 should not have included the phrase "but for," nor should it have included the statement that there is no proximate cause if the injury "likely would have occurred anyway." However, the erroneous instruction is reversible only if Garcia can show she was prejudiced. See *Newberry*, 142 Idaho at 287, 127 P.3d at 190.

Garcia argues she was prejudiced because the jury likely believed Windley's position that spondylolysis would have deteriorated into spondylolisthesis with or without the negligence; thus, even if they believed Windley was the proximate cause of the damages in this case, they would not award damages for the spondylolisthesis since that would have likely occurred anyway. First, Windley responds that he never provided expert testimony that Garcia's injuries would likely have occurred anyway and that his position was that the spondylolisthesis preexisted the accident. Though Windley argued the spondylolisthesis preexisted the accident, he also provided evidence that 80% of individuals with bilateral spondylolysis develop spondylolisthesis. Windley now attempts to narrow the use of that evidence, arguing that it was only to discredit Garcia's expert, Dr. Verst.[6] However, Windley has failed to cite us to any portion of the record containing an Idaho Rules of Evidence 105 request that the statistic be limited. Though Dr. Wilson was explicitly offering contradictory testimony to that of Garcia's expert on the treatise's conclusion, there is nothing in the record to indicate the evidence was not being offered to prove that spondylolysis will in most cases turn into spondylolisthesis.

Second, Windley argues that there is no evidence to support an inference that the jury believed Garcia's argument that as a result of the accident Garcia's spondylolysis deteriorated into spondylolisthesis and Windley's argument that 80% of individuals with bilateral spondylolysis develop spondylolisthesis. Garcia argues that the jury might have believed Garcia's preexisting condition was spondylolysis and that 80% of individuals with bilateral spondylolysis develop spondylolisthesis. Thus, Garcia concludes that even if the jury believed Windley's negligent driving resulted in triggering the spondylolisthesis in this instance, the jury might have concluded that Windley was not the proximate cause of those damages since that

---

[6] Dr. Verst testified that spondylolysis is a benign condition, that the majority of people with spondylolysis lead normal lives, that 80% of the people suffering from spondylolysis do not require surgery, and that Garcia's spondylolistheis was "sparked" by the trauma of the car accident.

condition would eventually likely have occurred anyway. These combined beliefs could have resulted in the jury awarding damages for the lumbar strain only and not for the cost of treating the spondylolisthesis.

Windley is correct that Garcia does not know for certain what the jury believed. However, an erroneous instruction is prejudicial when it *could have* affected the outcome of the trial. *Burgess*, 119 Idaho at 306, 805 P.2d at 1230 (emphasis added). Thus, it is unnecessary to know for certain whether the erroneous instruction did affect the outcome of the trial. The instruction is prejudicial because in this case it could have affected the outcome of the trial. Therefore, Windley's argument that Garcia has not been prejudiced by the instruction since the jury found Windley's negligence was the proximate cause of Garcia's injuries also fails. The jury could have found that Windley was negligent, but that his negligence proximately caused a lumbar strain only and not the damages resulting from the spondylolisthesis and awarded damages accordingly.

In conclusion, because this was a multiple cause case, because a "but for" instruction was given instead of a "substantial factor" instruction, and because that erroneous instruction could have affected the outcome of the trial, we reverse and remand for a new trial.

**C. Attorney Fees**

Garcia argues she is entitled to attorney fees on appeal pursuant to I.C. § 12-121. That statute allows an award of "reasonable attorney's fees to the prevailing party. . . ." I.C. § 12-121. Attorney fees are awarded to the prevailing party only if the Court determines that the appeal was brought or defended pursued frivolously, unreasonably or without foundation. *Fisk v. Royal Caribbean Cruises, Ltd.*, 141 Idaho 290, 295, 108 P.3d 990, 995 (2005). When a party prevails only in part on an appeal, that party is not a prevailing party and hence is not entitled to attorney fees under I.C. § 12-121. *Howard v. Perry*, 141 Idaho 139, 143-44, 106 P.3d 465, 469-70 (2005). Garcia prevails only on the jury instruction issue. Thus, Garcia is not entitled to attorney fees.

Windley also argues I.C. § 12-121 entitles him to an award of attorney fees on appeal. However, Windley also prevails on only one of the issues on appeal, and thus, is not entitled to attorney fees.

9

### III. CONCLUSION

We decline to review the denial of summary judgment on the issue of mitigation. We hold the "but for" causation jury instruction was erroneous and prejudiced Garcia and remand for a new trial. We also decline to award attorney fees and costs.

Justices TROUT, EISMANN and JONES, **CONCUR.**

Chief Justice SCHROEDER, **DISSENTS WITHOUT OPINION.**