**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35921**

| | | |
|---|---|---|
| BRUCE TIEGS, individually, and as co-personal representative of the Estate of Kenneth Tiegs; STEVEN TIEGS and SUSAN HUTER, individually, and as co-personal representatives of the Estate of Kenneth Tiegs, and K.P. INC., an Idaho corporation, | ) ) ) ) ) ) ) | |
| Plaintiffs-Respondents, | ) ) | |
| v. | ) ) | |
| DARRELL L. ROBERTSON, | ) ) | |
| Defendant-Appellant, | ) ) | |
| and | ) ) | |
| DUSTIN M. KUKLA, | ) ) | |
| Defendant. | ) ) | |
| KENNETH TIEGS AND SONS, INC., as subrogee of UNIGARD INSURANCE, | ) ) ) | **2010 Opinion No. 46** |
| Plaintiff-Respondent, | ) ) | **Filed: July 9, 2010** |
| v. | ) ) | **Stephen W. Kenyon, Clerk** |
| DARRELL L. ROBERTSON, | ) ) | |
| Defendant-Appellant, | ) ) | |
| and | ) ) | |
| DUSTIN M. KUKLA, | ) ) | |
| Defendant. | ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gordon W. Petrie, District Judge.

Orders denying motion for summary judgment and granting motion for new trial, affirmed.

Saetrum Law Offices, Boise, for appellant. Ryan B. Peck argued.

Rossman Law Group, PLLC, Boise, for respondent. Chad M. Nicholson argued.

_____

GUTIERREZ, Judge

Darrell L. Robertson appeals from the district court's denial of his motion for summary judgment and grant of Bruce Tiegs' motion for a new trial. We affirm.

## I.

## FACTS AND PROCEDURE

In July 2003, Robertson allowed Dustin M. Kukla to borrow a tractor and hay baler to complete a job baling straw for which Kukla had been hired by another party. Robertson was aware that the rear lights on the baler were not operational. Before loaning Kukla the equipment for free, Robertson had him demonstrate that he could operate it properly by completing a portion of Robertson's own field. During daylight hours, Kukla removed the equipment from Robertson's property, with Robertson following behind using his pickup truck as a pilot vehicle. However, on July 30, Kukla drove the tractor and baler on Highway 45 at approximately 10:30 p.m.--without rear lights--in order to effect a repair of the baler at another location. A vehicle being driven by Kenneth Tiegs collided into the back of the baler and as a result, Tiegs was killed.

Several of Tiegs' family members, acting individually and as personal representatives of Tiegs' estate, as well as the corporation who owned the vehicle Tiegs was operating at the time of the collision, brought suit against Kukla and Robertson for negligence, negligent entrustment, negligence per se,[1] and imputed liability. Kukla failed to respond to the complaint and a default judgment was entered against him.

Robertson filed a motion for summary judgment which the district court denied. After the first trial ended in a mistrial, Robertson filed a "Memorandum of Law in Support of Motion for Summary Judgment" and the district court again denied the summary judgment motion. A

_____

[1]    Prior to submission of the case to the jury, the plaintiff stipulated to withdrawal of the negligence per se cause of action.

2

second jury trial commenced and at its conclusion the jury rendered a special verdict, finding that Robertson was only negligent in loaning the equipment to Kukla, but that this negligence was not a proximate cause of Tiegs' death and injuries, that Kukla was negligent and his negligence was a proximate cause of Tiegs' death and injuries, and that Tiegs had been negligent in operating his vehicle, but his negligence was not a proximate cause of his death. Despite these findings, the jury apportioned "fault" as 15% to Robertson, 80% to Kukla, and 5% to Tiegs and awarded each of the three plaintiffs damages of $2,500 each.

Tiegs filed a motion for a new trial arguing that the answers to the special interrogatories were inconsistent with each other and with the special verdict and thus against the law. After oral argument, the district court granted the motion on the ground that the answers to the special interrogatories and verdict were irreconcilably inconsistent. Robertson now appeals the denial of his motion for summary judgment and the court's grant of Tiegs' motion for a new trial.

## II.

## ANALYSIS

### A. Denial of Summary Judgment

Robertson contends that the district court erred in denying his motion for summary judgment on three grounds: (1) because Idaho Code § 49-2417(1) cannot be read to apply to implements of husbandry; (2) that Robertson did not knowingly permit Kukla to operate the vehicle at night with non-operating rear lights in violation of I.C. §§ 49-902, -903, and -916; and (3) there was insufficient evidence to establish the elements of negligent entrustment. In response, Tiegs argues that the denial of a motion for summary judgment is not an appealable order. In the alternative, Tiegs contends that the district court did not err in denying the motion on the merits. We first address Tiegs' argument that the denial of Robertson's summary judgment motion is not subject to appellate review.

It is well settled in Idaho that an order denying a motion for summary judgment is not an appealable order itself, nor is it reviewable on appeal from a final judgment. *Garcia v. Windley*, 144 Idaho 539, 542, 164 P.3d 819, 822 (2007); *Hunter v. Dep't of Corrs., Div. of Prob. & Parole*, 138 Idaho 44, 47, 57 P.3d 755, 757 (2002). In *Idaho Power Co. v. Cogeneration Inc.*, 134 Idaho 738, 743, 9 P.3d 1204, 1209 (2000), the Idaho Supreme Court explained:

> Cogeneration asks this Court to determine whether the district court erroneously denied its motion for partial summary judgment. However, an order denying a motion for summary judgment is not a final order and a direct appeal

3

cannot be taken from it. Moreover, an order denying a motion for summary judgment is not to be reviewed on appeal from a final judgment. *See Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 376, 973 P.2d 142, 147 (1999); *Watson v. Idaho Falls Consol. Hospitals*, 111 Idaho 44, 46, 720 P.2d 632, 634 (1986); *Evans v. Jensen*, 103 Idaho 937, 941, 655 P.2d 454, 458 (Ct. App. 1982). The final judgment in a case can therefore be tested upon the record made at trial, not the record made at the time summary judgment was denied. *See Evans*, 103 Idaho at 942, 655 P.2d at 459.

In his reply brief, Robertson argues that this Court's review of the district court's denial of his motion for summary judgment "is appropriate because it effectively granted to Respondent [a] partial summary judgment finding that I.C. § 49-2417 applies to implements of husbandry and that I.C. § 49-916 and I.C. § 49-903 require owners of implements of husbandry to have operational lighting systems at all times." Robertson's attempt to circumvent Idaho law that precludes us from reviewing a denial of summary judgment by attempting to characterize the district court's ruling as a partial grant of summary judgment in favor of Tiegs is not well taken. The district court did not grant summary judgment to the plaintiffs on any cause of action, or even on the issue of liability on any cause of action. All of the plaintiffs' claims went to trial except the negligence per se claim, which was withdrawn.[2]

In *Garcia*, our Supreme Court specifically rejected the appellant's invitation to carve out an exception to the general rule to allow for appellate review of denials of summary judgment made strictly on a point of law, despite an argument that the ruling precluded the losing party thereafter from offering evidence or urging the point at the time of trial. *Id*. at 542, 164 P.3d at 822. In declining to adopt such an exception, the court noted:

> [I]t would violate the policy behind treating orders denying summary judgment as interlocutory. We have recognized the rationale for the rule that an order denying summary judgment not be reviewed on appeal from a final judgment as follows:
>> [B]y entering an order denying summary judgment, the trial court merely indicates that the matter should proceed to trial on its merits. *The final judgment in a case can be tested upon the record made at trial, not the record made at the time summary judgment was denied. Any legal rulings made by the trial court affecting that final judgment can be reviewed at that time in light of the full*

---

[2]    Likewise, Robertson's attempt to circumvent this rule by references at oral argument to the denial of his motion to dismiss and the propriety of the jury instructions do not change the proper characterization of the issue that he has raised on appeal as one challenging only the denial of summary judgment.

> *record.* This will prevent a litigant who loses a case, after a full and fair trial, from having an appellate court go back to the time when the litigant had moved for summary judgment to view the relative strengths and weaknesses of the litigants at that earlier stage. Were we to hold otherwise, one who had sustained his position after a fair hearing of the whole case might nevertheless lose, because he had failed to prove his case fully on the interlocutory motion.
>
> *Miller v. Estate of Prater*, 141 Idaho 208, 211, 108 P.3d 355, 358 (2005) (quoting *Gunter v. Murphy's Lounge*, *LLC,* 141 Idaho 16, 26, 105 P.3d 676, 686 (2005) (quoting *Keeler v. Keeler*, 124 Idaho 407, 410, 860 P.2d 23, 26 (Ct. App. 1993) (emphasis added).))

*Id.*

It is clear that our Supreme Court intends the rule against review of denial of summary judgment motions to be interpreted strictly, and thus we do so here.[3] Accordingly, we do not reach the merits of Robertson's arguments that the district court erred in denying his motion for summary judgment.[4]

**B.** **Grant of New Trial**

Robertson also contends that the district court erred in granting Tiegs' motion for a new trial because the jury's answers to the special interrogatories should be read to be consistent.

In its order granting the motion for a new trial, the district court summed up the jury's answers on the special verdict form thusly:

---

[3]  Idaho Appellate Rule 12(a) provides for an exception to the general rule, stating:
> Permission may be granted by the Supreme Court to appeal from an interlocutory order or decree of a district court in a civil or criminal action, or from an interlocutory order of an administrative agency, which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there is substantial grounds for difference of opinion and in which an immediate appeal from the order or decree may materially advance the orderly resolution of the litigation."

The Idaho Supreme Court recently noted Rule 12 appeals are only accepted in the most exceptional cases with the intent to resolve "substantial legal issues of great public interest or legal questions of first impression." *Aardema v. U.S. Dairy Systems, Inc.*, 147 Idaho 785, 789, 215 P.3d 505, 509 (2009).

[4]  The rule disallowing appeals from summary judgment denials does not prevent review of issues of law like those that Robertson wishes this Court to address. The same issues could have been properly preserved and raised on appeal through objections to jury instructions or a motion for a directed verdict at the close of the trial.

To Question 1, addressing whether Darrell Robertson loaning a certain tractor and hay baler to [Dustin] Kukla constituted negligence, the jury unanimously answered, "Yes." To Question 2, addressing whether the negligence found (in Question 1) on the part of Darrell Robertson constituted a proximate cause of the decedent's death and the injuries suffered by the Plaintiffs, eleven of twelve jurors answered, "No." To Question 3, addressing whether the negligence of Dustin Kukla amounted to a proximate cause of decedent's death and the injuries suffered by the Plaintiffs, eleven of twelve jurors answered, "Yes." To Question 4, addressing whether Darrell Robertson negligently entrusted Dustin Kukla with a tractor and baler, the jury unanimously answered, "No."

Because of the negative answer to Question 4, the jury correctly skipped Question 5. To Question 6, addressing whether Dustin Kukla's operation of the tractor and baler in question on the highway at the time [of] the occurrence, happened with the express or implied permission of Darrell Robertson, the jury unanimously answered, "No." Due to the negative answer to Question 6, the jury correctly skipped Question 7.

With regard to Question 8, addressing whether Kenneth Tiegs (the decedent) negligently operated his vehicle at the time and place of the occurrence, nine of twelve jurors answered, "Yes." Notwithstanding the affirmative answer to Question 8, in Question 9, when asked whether Kenneth Tiegs' negligent operation of his vehicle constituted a proximate cause of his death, inexplicably, the jury unanimously answered, "No."

The court then commented on the effect of the verdict, noting that "what makes [the answer to Question 9] so strange (notwithstanding defense counsel's erudite argument on how the jury's verdict does not amount to an inconsistent verdict) is found in the jury's answer to Question 10: the jury apportioned Kenneth Tiegs' fault at 5%." Relying on Idaho Rule of Civil Procedure 49(b), the court found that a new trial was warranted where "taking all of the evidence heard by this court, the same evidence heard by the jury, this court cannot conceive how the jury came to the conclusion it did with regard to apportioned fault on Defendant Robertson's behalf when they claim none of his actions proximately caused Kenneth Tiegs' death." Specifically, the court ruled that the jury verdict "with regard to the answers given on proximate cause relating to Defendant Robertson's conduct amount to an inconsistency with their apportionment of damages" and therefore Tiegs was entitled to a new trial.

Idaho Rule of Civil Procedure 59(a)(6) provides that a court may grant a new trial where there is insufficient evidence to justify the verdict or where the verdict "is against the law." On appeal, we review a trial court's decision to grant or deny a new trial for an abuse of discretion. *Lanham v. Idaho Power Co.*, 130 Idaho 486, 497-98, 943 P.2d 912, 923-24 (1997); *Burggraf v. Chaffin*, 121 Idaho 171, 173, 823 P.2d 775, 777 (1991). Thus, we are not to re-weigh the trial

evidence, but to determine whether there has been a manifest abuse of this discretion. *Cook v. State*, *Dep't of Transp.*, 133 Idaho 288, 297, 985 P.2d 1150, 1159 (1999). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

When faced with arguably inconsistent special jury verdicts, the trial court must look at the evidence and the instructions given and see if there is a view of the case that makes the jury's answer consistent.  If there is a consistent view, the court must resolve the case in that way. *Cook*, 133 Idaho at 297, 985 P.2d at 1159; *Griffith v. Latham Motors, Inc.*, 128 Idaho 356, 360, 913 P.2d 572, 576 (1996).  Idaho Rule of Civil Procedure 49(b) governs general verdicts and interrogatories and states:

> The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict.  The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict.  When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers.  When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict or may order a new trial.  When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers and verdict or may order a new trial.

On appeal, Robertson argues that the special jury verdict can be read as being consistent-- specifically, he contends that the jury consistently found that the actions of Robertson were not a proximate cause of Tiegs' injuries by answering "no" each time the jury was asked whether Robertson was the proximate cause of Tiegs' death.  In the alternative, he requests that if this Court finds an inconsistency between the interrogatory answers and the verdict, that we direct entry of judgment in accordance with the answers and reverse the granting of a new trial.  In

response, Tiegs contends that the district court's grant of the motion for a new trial should be affirmed because while the jury never found that either Robertson or Tiegs were the proximate cause of Tiegs' death, the jury nevertheless assigned each a portion of fault and responsibility for damages.

In granting the motion for a new trial, the district court ruled that the findings by the jury that Robertson's and Tiegs' negligence were not proximate causes of Tiegs' death and injuries were inconsistent with the jury's apportionment of fault and money damages and since this inconsistency could not be reconciled, Tiegs was entitled to a new trial. We conclude that such a determination conforms to the applicable legal standards and was not an abuse of discretion.

As Tiegs points out, the jury was presented with several theories under which Robertson could be held liable for Tiegs' death and injuries. The first theory alleged simple negligence by Robertson in loaning the equipment to Kukla, which the jury found was present. However, the jury then specifically found that this negligence was *not* a proximate cause of Tiegs' death and injuries. The jury also flatly rejected the theories of negligent entrustment and imputed liability, precluding the need to reach the issue of proximate cause. Thus, the jury never found Robertson to be the proximate cause--under any theory of negligence--of Tiegs' death and injuries, yet it still assigned 15% fault to Robertson and responsibility for money damages. This determination by the jury begs the question--how can Robertson be at fault for injuries which the jury found that he did not cause? Likewise in regard to Tiegs, the jury found that he had been negligent in the operation of his vehicle at the time and place of the accident, yet declined to find that this negligence was a proximate cause of his death and injuries. However, when apportioning fault the jury still assigned him 5% fault and responsibility for money damages. Given these facts, we cannot say that the district court abused its discretion in determining that the verdict was irreconcilably inconsistent and in ordering a new trial.

*Cramer v. Slater*, 146 Idaho 868, 204 P.3d 508 (2009), lends support to our conclusion that the district court correctly determined that the jury findings in the instant case could not be reasonably reconciled. There, Cramer and her husband had employed Dr. Slater, Nurse Crowley, and the Idaho Center for Reproductive Medicine (IRCM) for the purpose of *in vitro* fertilization. Prior to the procedure, Cramer's husband tested positive for HIV, but he was informed by IRCM that he tested negative. The next year, Cramer's husband took a blood test for life insurance purposes and was informed that he was HIV positive. He subsequently committed suicide and

8

Cramer brought suit against Dr. Slater, Nurse Crowley, and ICRM, among others, for negligent infliction of emotional distress. The jury returned a verdict in favor of Cramer on this issue, but while it awarded $27,000 in economic damages, it awarded no non-economic damages. The district court denied Cramer's motion for a new trial, and Cramer appealed.

The inconsistency in the special verdict arose where the jury found Dr. Slater and Nurse Crowley negligent and that they proximately caused Cramer's injury, but did not find ICRM vicariously liable for their negligence because it found ICRM's negligence did not proximately cause the injury. However, the jury had been instructed that if it found negligence on the part of Dr. Slater or Nurse Crowley, that negligence would be imputed to ICRM. In determining that the verdict was not reasonably reconcilable, the Idaho Supreme Court stated:

> This Court may determine that the jury verdict is reconcilable by interpreting the verdict to hold ICRM vicariously liable for Dr. Slater and Nurse Crowley's negligence, but that the jury did not find ICRM's actions in and of themselves were the proximate cause of [Cramer's] emotional distress. That is, ICRM is liable for the percentage of fault attributable to each of the actors that it is vicariously liable for, Nurse Crowley and Dr. Slater, but ICRM does not have any liability for its own individual actions, though that conclusion ignores that ICRM can only act through its employees. This Court finds that the jury's verdict is inconsistent and beyond reasonable reconciliation. The jury contradicts itself throughout the findings. [Cramer] properly objected when the verdict was returned and asked the court to have the jury reconcile the verdict. The court declined to do so and this Court cannot reasonably reconcile the verdict. This Court reverses the judgment and grants [Cramer's] motion for a new trial.

*Id.* at 880-81, 204 P.3d at 520-21.

Similarly in this case, the contradictory findings by the jury can only lead to the conclusion that the verdict cannot be reasonably reconciled--thus granting the court discretion under I.R.C.P. 49(b) to grant a new trial. In addition, as in *Cramer*, the grant of a new trial was appropriate under I.R.C.P. 59(a)(6) because the verdict was "against the law" since proving liability for damages requires proof that the liable party was a proximate cause of the injury. *See O'Guin v. Bingham County*, 142 Idaho 49, 52, 122 P.3d 308, 311 (2005) (setting forth the elements of a negligence cause of action, including that there be "a causal connection between the defendant's conduct and the resulting injuries"). Accordingly, we conclude that the district court did not err in granting Tiegs' motion for a new trial.

### III.

### CONCLUSION

It is well settled in Idaho that an order denying a motion for summary judgment is not an appealable order itself, nor is it reviewable on appeal from a final judgment, and thus we decline to address the merits of Robertson's contention that the district court erred in denying his motion for summary judgment. The district court did not abuse its discretion in granting Tiegs' motion for a new trial where the answers given by the jury resulted in an inconsistent verdict. As the prevailing party, Tiegs is granted costs as a matter of right pursuant to Idaho Appellate Rule 40(a).

Chief Judge LANSING and Judge GRATTON, CONCUR.