# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50248

STAKER & PARSON COMPANIES,
INC., an Idaho corporation dba IDAHO
MATERIALS & CONSTRUCTION,

    Plaintiff-Counterdefendant-
    Respondent,

v.

KEITH CLOW, an individual,

    Defendant-Counterclaimant-
    Appellant.

LOCK-N-ROLL SELF STORAGE,
LLC, an Idaho limited company,

    Third Party Plaintiff-
    Counterdefendant-Appellant,

v.

STAKER & PARSON COMPANIES,
INC, an Idaho corporation dba IDAHO
MATERIALS & CONSTRUCTION,

    Third Party Defendant-
    Counterclaimant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  February 14, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette
County.  Hon. Kiley Stuchlik, District Judge.

Judgment in breach of contract case, <u>affirmed</u>.

Johnson May; Wyatt Johnson, Boise, for appellant.  Wyatt Johnson argued.

Meuleman Law Group; Joe Meuleman, Boise, for respondent.  Joe Meuleman
argued.

---

1

LORELLO, Judge

Keith Clow, an individual, and Lock-N-Roll Self Storage, LLC, an Idaho limited liability company, appeal from the judgment in a breach of contract case. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Clow contracted with Idaho Materials & Construction (IMC) to provide paving for a storage facility. The paving project was conducted in two phases, with each phase subject to separate contracts. The contracts were signed by Clow and Kevin Crockett, the representative for IMC.[1] The first contract was for paving in phase one of the project, which consisted of one section of land. The second contract was for paving in phase two of the project, which consisted of a different section of land. After the first phase was completed, IMC sent an invoice to Clow for payment for the work on phase one, which Clow paid.[2] After completion of the second phase, IMC sent another invoice to Clow for phase two. Clow refused to pay the invoice for phase two, citing his dissatisfaction with certain work he claimed was defective in both phase one and phase two.

IMC sued Clow for breach of contract and unjust enrichment for nonpayment for the phase two work it performed. In response, Clow asserted several affirmative defenses. Lock-N-Roll joined the litigation as a third-party plaintiff and alleged a counterclaim against IMC for breach of warranty because of defective paving.

At trial, the district court gave Jury Instruction 47 over Clow's objection. Instruction 47 was intended to reflect the "voluntary payment rule." Ultimately, the jury found there was a

---

[1]     Whether Clow contracted in his individual capacity or as a representative of Lock-N-Roll Self Storage, LLC was a question before the jury but is not an issue on appeal.

[2]     The parties dispute certain representations IMC made agreeing to correct work that Clow claimed was defective before he paid the invoice amount for phase one. Clow argues that the payment for phase one was made in anticipation of IMC ameliorating the defects during the continued relationship. IMC argues that the payment for phase one reflected that Clow accepted the work IMC completed on phase one and that any defects were attributable to the design, which was not its responsibility.

2

contract between Clow and IMC for phase one of the project and that IMC did not breach the contract. The jury also found there was a contract for phase two of the project and that IMC did not breach, but rather, Clow and/or Lock-N-Roll breached the phase two contract. Clow appeals.

## II.

## STANDARD OF REVIEW

The question of whether the jury has been properly instructed is a question of law over which we exercise free review. *Needs v. Hebener*, 118 Idaho 438, 441, 797 P.2d 146, 149 (Ct. App. 1990). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *Powell v. Sellers*, 130 Idaho 122, 126, 937 P.2d 434, 438 (Ct. App. 1997). The appellant has the burden to clearly show prejudicial error from an erroneous jury instruction. *Garcia v. Windley*, 144 Idaho 539, 543, 164 P.3d 819, 823 (2007); *Clark v. Klein*, 137 Idaho 154, 159, 45 P.3d 810, 815 (2002).

## III.

## ANALYSIS

### A. Jury Instruction 47--"Voluntary Payment Rule"

Clow argues that the district court erred in giving Instruction 47, which reads:

> [IMC] has claimed that Clow or Lock-N-Roll waived any claim or setoff under the voluntary payment rule. Under that rule a person may not, by way of setoff, counterclaim, or direct action, recover money that he or she voluntarily paid, with full knowledge of all of the facts, and without any fraud, duress, or extortion, although no obligation to make such payment existed.
>
> If you find from your consideration of all the evidence that Clow voluntarily paid [IMC], with full knowledge of all facts and without any fraud, duress, or extortion, although no obligation to make such a payment existed, then any breach of the contract by [IMC] is excused. If you find from your consideration of all the evidence that any of the propositions has not been proved, [IMC] has not proved the affirmative defense under the voluntary payment rule.

Instruction 47 was intended to reflect a doctrine that has been characterized as the "voluntary payment rule" as explained by the Idaho Supreme Court in *Breckenridge v. Johnston*, 62 Idaho 121, 133, 108 P.2d 833, 838 (1940). According to Clow, Instruction 47 states that his "claim for breach of contract is waived if he makes a payment where there is not a contract," which

3

he asserts is a "legal impossibility."[3] IMC responds that the district court did not err in giving Instruction 47 and that, in any event, because the jury found that IMC did not breach the contract, Instruction 47 is irrelevant.

We agree that Instruction 47 did not prejudice Clow. Instruction 47 relates to Clow's claim that IMC breached the phase one contract as a result of allegedly substandard paving work. IMC defended against that claim, in part, by asserting that Clow waived any complaint about the phase one work by paying the phase one invoice. Ultimately, it would have been for the jury to determine whether, pursuant to Instruction 47, Clow's payment was voluntary or whether he had any obligation to make a payment.[4] The jury, however, did not reach those questions because it rejected the necessary predicate--that IMC breached the contract. For this reason, Instruction 47 was ultimately irrelevant to the jury's verdict in this case and Clow was not prejudiced as a result of the instruction. Clow has not persuaded us otherwise.

In his opening brief, Clow did not cite the legal standards applicable to a claim of prejudice related to a jury instruction. Rather, Clow's argument regarding prejudice was limited to the assertion that the jury's conclusion that IMC did not breach the contract "is exactly consistent with what the result would be if the jury followed Instruction No. 47," followed by an acknowledgement that the jury "could have come to that conclusion for other reasons." As to the possibility that the jury "could have come to that conclusion for other reasons," Clow argued there was "nothing in

---

[3]     Clow argues that the voluntary payment rule does not apply to contracts cases because the Idaho courts have never applied it to a contract case. While not addressed by Idaho courts, other jurisdictions have found this rule applicable in contract law. *See Acme Markets, Inc. v. Valley View Shopping Ctr., Inc.*, 493 A.2d 736, 737 (Pa. Super. Ct. 1985) (holding that a payment made due to mistake of law of a contract is not recoverable); Karl Oakes, *General Rule Against Recovery of Payment Made Under Mistake of Law*, 70 C.J.S. *Payment* § 110 (2018) (stating that "money paid voluntarily, although under a mistake of law as to the interpretation of a contract, cannot be recovered"); *Right to Recover Money Voluntarily Paid with Knowledge of Facts but Under Misapprehension as to Legal Rights or Obligation*, 53 A.L.R. 949 (1928) (stating that "voluntary payment of money made by reason of a misapprehension of legal rights arising under a contract, with knowledge of the facts, is not recoverable").

[4]     During oral argument, counsel for IMC conceded that the instruction would not be appropriate if, at the time Clow paid the first phase invoice, he reserved his rights to claim IMC breached the contract.

4

the record that could be used to establish that the jury did reach its result for some reason other than that [it] followed Instruction No. 47."

We will not consider an issue not supported by argument or authority in the opening brief. *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008). While Clow cited authority relating to a prejudicial jury instruction in his reply brief, a reply brief may not be used as a mechanism to raise new issues on appeal. *Morley v. RS Unlimited, Inc.*, ___ Idaho ___, ___, 538 P.3d 383, 388 (2023). More importantly, it was Clow's burden to show prejudice from Instruction 47. *See Garcia*, 144 Idaho at 543, 164 P.3d at 823 (explaining it is the appellant's burden to clearly show prejudicial error from an erroneous jury instruction). Clow's claimed possibility that Instruction 47 could have prejudiced him is insufficient to meet that burden. Moreover, reading the instructions as a whole, as we must, supports the conclusion that Clow cannot meet his burden of showing prejudicial error resulting from Instruction 47. *See Beebe v. No. Idaho Day Surgery, LLC*, 171 Idaho 779, 784, 526 P.3d 650, 655 (2023) (stating that, when the instructions as a whole do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error).

At oral argument, Clow asserted that the jury could have misunderstood Instruction 47 to mean that IMC did not breach the contract if Clow made a voluntary payment, rather than understanding the instruction as written, that any breach by IMC is *excused* if Clow made a voluntary payment. Instruction 47 was predicated on whether IMC breached the contract in the first instance. Instruction 34 set forth the elements of IMC's claim for breach against Clow and Instruction 36 set forth the elements of Clow's claim for breach against IMC. Instructions 35 and 37, respectively, informed the jury that Clow asserted affirmative defenses and that IMC asserted affirmative defenses. Those affirmative defenses began with Instruction 41 and encompassed Instruction 47. The verdict form reflects the pattern of the instructions by including a series of special interrogatories, including whether a breach of contract occurred.

If there was a contract relating to phase 1, did [IMC] breach the contract?
YES          NO
_____        _____

If yes, was the breach excused by proof of any affirmative defense?
YES          NO
_____        _____

5

If there was a contract for phase 2 of the project, did [IMC] breach the contract?
YES      NO

_____    _____

If yes, was [IMC's] breach excused by proof of any affirmative defense or by proof
that the other party or parties materially breached the contract?
YES      NO

_____    _____

As reflected in the special verdict form, the jury was only required to consider an affirmative defense if it answered "yes" to whether a breach occurred. Because the jury answered "no" to the first question, it was not required to consider the affirmative defenses set forth in later instructions, including Instruction 47. The record does not support Clow's suggestion that the jury may have found a breach *based on* Instruction 47; the record supports the opposite. We will not presume that the jury misunderstood the jury instructions or the verdict form's sequential questions. *See Boll v. State Farm Mut. Auto. Ins. Co.*, 140 Idaho 334, 341, 92 P.3d 1081, 1088 (2004) (stating the presumption that the appellate court presumes the jury followed the instructions given by the trial court).

Clow has waived the argument that he was prejudiced by Instruction 47 by failing to adequately preserve the argument in his opening brief. Even if the merits of his prejudice argument are considered, Clow has failed to meet his burden of showing he was prejudiced by Instruction 47.

**B.      Attorney Fees on Appeal**

Clow requests attorney fees on appeal pursuant to I.A.R. 41 and I.C. § 12-120(3). Because Clow is not the prevailing party, he is not entitled to attorney fees.

IMC also requests attorney fees on appeal. Under the Idaho Appellate Rules, a party seeking attorney fees on appeal must include that claim as an issue or additional issue on appeal in the first brief filed by the party and must state a basis for the request in the argument section of the party's brief. *See Bream v. Benscoter*, 139 Idaho 364, 369-70, 79 P.3d 723, 728-29 (2003) (explaining the requirements in I.A.R. 41, 35(a)(5), and 35(b)(5) for requesting attorney fees on appeal). Attorney fees are awardable only where they are authorized by statute or contract. *Hellar v. Cenarrusa*, 106 Idaho 571, 578, 682 P.2d 524, 531 (1984).

Although IMC does not list its request for attorney fees as an additional issue on appeal, in the argument section of its brief, IMC cites I.C. § 12-120(3) and the "Phase 2 Agreement" as the bases for its request. The relevant language from the agreement reads Clow "agrees to pay reasonable legal fees." IMC notes that the district court's award of attorney fees was based on this contractual language as well as on the language of I.C. § 12-120(3), which authorizes an award of fees to the prevailing party in a civil action to recover on a commercial transaction. Clow does not dispute that the contract provision for attorney fees applies, nor does he provide any argument in response to IMC's request for fees awarded against him pursuant to I.C. § 12-120(3).[5] Because IMC is the prevailing party on appeal and because there is no dispute that the Phase 2 agreement authorizes an award of attorney fees, IMC is awarded its attorney fees and costs on appeal.

## IV.
## CONCLUSION

We need not consider whether Instruction 47 was erroneous because Clow has failed to show he was prejudiced by the instruction. Clow is not entitled to attorney fees on appeal because he is not the prevailing party. The district court's judgment is affirmed. Attorney fees and costs are awarded to IMC.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[5] IMC also requested attorney fees on appeal against Lock-N-Roll. However, Lock-N-Roll has not asserted any distinct issues on appeal. Although Clow has argued that, if he prevails, this Court should direct the district court to allow the jury in a new trial to reconsider whether Lock-N-Roll was a party to either contract, we need not address this argument because Clow has not prevailed.

7