920 P.2d 400

**William D. PRATT and Joy Pratt, Plaintiffs–Appellants,**

v.

**STATE TAX COMMISSION, Defendant–Respondent.**

No. 22582.

Supreme Court of Idaho, Boise, May 1996 Term.

July 31, 1996.

Philip E. Peterson, Lewiston, for appellants.

Alan G. Lance, Attorney General; Charles Zalesky, Deputy Attorney General, Boise, for respondent.

TROUT, Justice.

This personal income tax case requires us to examine the elements that must be satisfied to effect a change in domicile.

## I.

### BACKGROUND

The parties have stipulated to the following pertinent facts. From July of 1987 until sometime in 1991, the appellants, William and Joy Pratt, were domiciled in the state of Idaho. Mr. Pratt was employed by a bank in Boise, Idaho until May 3, 1991, when his employment was terminated. On that date he received a termination check in the amount of $63,450.

The Pratts had intended to move to Clarkston, Washington following Mr. Pratt's re-

tirement. In March of 1991, prior to Mr. Pratt's termination, they traveled to Clarkston to locate suitable housing, but were unsuccessful. In April of 1991, the Pratts successfully located housing in Clarkston which would be available for lease on June 1, 1991. They moved to Clarkston on May 31, 1991. However, at the time Mr. Pratt received his termination check, the Pratts resided in Boise, their vehicles were registered in Idaho, and they each held Idaho driver's licenses.

I.C. § 63–3027A(b) requires that a part-year Idaho resident must pay taxes on taxable income *from all sources* received during that part of the taxable year he or she is domiciled [1] in Idaho. In addition, a part-year resident must pay tax on taxable income *from Idaho sources* even if received while not domiciled in Idaho. Although living in Boise at the time the termination check was received, the Pratts treated the check as payment to a non-resident when they reported their income for 1991 to the state of Idaho as part-year residents. The Tax Commission does not contend that the income in question is from an Idaho source. Thus, the resolution of this case depends entirely upon whether the Pratts were domiciled in Idaho on May 3, 1991.

## II.

## PROCEDURAL HISTORY

On June 22, 1994, the Tax Commission issued its determination that at the time Mr. Pratt received his termination payment, the Pratts were still residents of, and domiciled in, the state of Idaho. Accordingly, the Commission's position is that this income should have been included in the Pratts' Idaho income for the 1991 tax year. The Pratts chose not to seek administrative review, but filed a complaint in district court pursuant to I.C. § 63–3049(a). The action was assigned to a magistrate who, in ruling on cross-motions for summary judgment, concluded that

the Pratts had not met their burden of proving a change in domicile as of May 3, 1991. According to the magistrate, "there is no proof in the record as to when the Plaintiffs' intent to become domiciled in the state of Washington was to take effect." Consequently, he held that they are liable for Idaho state income tax and interest on the income in question. The district court affirmed the magistrate's decision, and the Pratts have appealed to this Court.

## III.

## STANDARD OF REVIEW

■ As stated above, the Pratts did not seek administrative review of the Commission's determination, but instead filed a civil complaint against the Tax Commission pursuant to I.C. § 63–3049(a). Consequently, we will review this case as an ordinary civil action, and will utilize the administrative determination as merely an articulation of the position of a party to this civil action. *Cf. Bogner v. State Dep't of Revenue and Taxation,* 107 Idaho 854, 693 P.2d 1056 (1984) (case where taxpayer filed action in district court pursuant to I.C. § 63–3049 instead of appealing to board of tax appeals deemed a "civil action" for purposes of I.C. § 12–121).

■ When an appeal is initially taken to the district court from a decision by a magistrate, any subsequent review will be conducted independent of, but with due regard for, the decision of the district court. *Smith v. Smith,* 124 Idaho 431, 436, 860 P.2d 634, 639 (1993) (citing *McNelis v. McNelis,* 119 Idaho 349, 806 P.2d 442 (1991)). Further, when considering an appeal from the granting of a motion for summary judgment, this Court's standard of review is the same as that used by the trial court in passing on the motion. *Curtis v. Firth,* 123 Idaho 598, 610, 850 P.2d 749, 761 (1993). The Court must liberally construe the facts in favor of the non-moving party and determine whether there is a genuine issue as to any material fact, and whether the moving party is entitled to judgment

1. Section 63–3027A(b) actually speaks in terms of income from all sources received while the taxpayer is a "resident" of Idaho. However, "resident" is defined as "any individual who: (a) [h]as resided in this state for the *entire* taxable year; or (b) [i]s domiciled in the state of Idaho." I.C. § 63–3013 (emphasis added). Therefore,

since the taxpayers contemplated by § 63–3027A(b) have not "resided in this state for the entire taxable year," the period of time that the taxpayer is an actual "resident" is, by definition, that period in which the person was domiciled in Idaho.

as a matter of law. I.R.C.P. 56(c); *Anderson v. City of Pocatello,* 112 Idaho 176, 179, 731 P.2d 171, 174 (1987). In this case, the parties have stipulated to the facts. Thus, the question is the legal effect of those stipulated facts.

## IV.

## DISCUSSION

The Pratts contend that to effect a change in domicile, all that is required is a physical presence at the new locality and an intent to adopt it as a domicile. They point to the fact that they intended to move to Washington in March and April of 1991 while they were physically present in that state looking for a house. Thus, according to the Pratts, they were Washington domiciliaries on May 3, 1991, when the income in question was received. In their view, the fact that they did not obtain, and indeed did not intend to obtain, a Washington residence until June 1, 1991, is of no consequence.

With regard to the issue of domicile, we have held that "[f]or a change of domicile to occur, the fact of physical presence at a dwelling place and the intention to make it a home must concur. And when such domicile is established, it persists until another is legally acquired." *Kirkpatrick v. Transtector Systems,* 114 Idaho 559, 562, 759 P.2d 65, 68 (1988) (citing *In re Estate of Cooke,* 96 Idaho 48, 524 P.2d 176 (1973); *Restatement (Second) of Conflict of Laws* § 19 (1971)). *See also Robinson v. Robinson,* 70 Idaho 122, 212 P.2d 1031 (1949).[2] We conclude that *Kirkpatrick* must be read to require that the person be physically present at a dwelling in the new locality that they intend, *at that time,* to be their new home. The claimant in *Kirkpatrick* was, like the Pratts, physically present at a dwelling place in another state and had made necessary arrangements, *i.e.* paid a deposit, to lease a townhouse in that state. *See Kirkpatrick,* 114 Idaho at 560, 759

P.2d at 66. Thus, if the Pratts' reasoning were applied in that case, Kirkpatrick's fleeting intent (as evidenced by the payment of a deposit) that the Ohio townhouse become his home at some point in the future would have effected a change of domicile. However, we nonetheless concluded that his domicile did not change to that state because "no clear intention on Kirkpatrick's part was ever evidenced indicating that Ohio was, *at the time of the accident,* yet his home." *Id.* at 562, 759 P.2d at 68 (emphasis added). *See also Restatement (Second) of Conflict of Laws* § 18 cmt. b (1971) (To effect a change in domicile, "[t]here must be a present intention to make a home [in the new locality]. One must be able to say, 'This is now my home,' and not, 'This is to be my home.' ").

Contrary to the magistrate's determination that there is an absence of proof as to the Pratts' intent, the Pratts admittedly did not, when they were present in Washington in March or April of 1991, have a present intent to make that state their home. Rather, their intention was to return to their Idaho home to await Mr. Pratt's future retirement. Consequently, an essential element of a change in domicile was absent, and the magistrate's decision granting the State's motion for summary judgment is affirmed, although on grounds different from those articulated by the trial court.

## V.

## CONCLUSION

The decision of the magistrate is affirmed. No attorney fees on appeal. Costs are awarded to the State.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.

---

2. In its regulations, the Tax Commission has determined that a change in domicile requires an intent to abandon an old domicile, an intent to acquire a new domicile, and physical presence at the new domicile. IDAPA 35.01.13.1 (1991). Since the Commission clearly has authority to administer the Idaho Income Tax Act, the question might arise as to the level of deference to be accorded its interpretation of the term "domicile." *See J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n,* 120 Idaho 849, 820 P.2d 1206 (1991). However, because it has not been raised as an issue on appeal, and because the Commission's standard is consistent with our statement of the rule in *Kirkpatrick* (with the element of intent divided into two parts), we need not address this question.