# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49137

JOHN C. BEEBE and CHERYL L. BEEBE, individually, and as Husband and Wife,

    Plaintiffs-Appellants,

v.

NORTH IDAHO DAY SURGERY, LLC, an Idaho limited liability company, dba NORTHWEST SPECIALTY HOSPITAL,

    Defendants-Respondents,

and

JOHN STACKOW, M.D. and unknown physicians, surgeons, medical assistants, nurses or employees as JOHN or JANE DOES I-X; INCYTE PATHOLOGY, INC., a Washington State for-profit corporation; INCYTE PATHOLOGY PROFESSIONAL, P.S.; a Washington State Professional Services corporation, or employees as JOHN or JANE DOES XI-XX; and MINIMALLY INVASIVE SURGERY NORTHWEST, PA, an Idaho Professional Service Corporation, and its owners, agents or employees,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2022 Term

Opinion filed: February 28, 2023

Melanie Gagnepain, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. John T. Mitchell, District Judge.

The judgment of the district court is vacated and remanded.

Clark & Associates, Attorneys, Eagle, for Appellants. Eric R. Clark argued.

Garrett Richardson, PLLC, Eagle, for Respondent. Nancy J. Garrett argued.

---

ZAHN, Justice.

This case arises from a medical malpractice action involving a partial foot amputation and sentinel lymph node biopsy ("SLNB"). The claim stems from the loss of the SLNB before it was presented for pathological analysis. John and Cheryl Beebe argue the jury verdict in favor of defendant North Idaho Day Surgery, LLC, d/b/a Northwest Specialty Hospital ("NWSH"), should be vacated because the district court incorrectly instructed the jury on the issue of proximate cause. The Beebes also argue that the district court erred when it granted summary judgment for NWSH and dismissed Cheryl's loss of consortium claim prior to trial. For the reasons discussed below, we vacate the jury verdict in favor of defendant North Idaho Day Surgery, LLC because the district court gave a "but for" jury instruction on the issue of proximate cause instead of a "substantial factor" instruction. Further, we reverse and remand the district court's grant of summary judgment and dismissal of Cheryl's loss of consortium claim.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2018, Beebe was diagnosed with aggressive melanoma on his foot. After his diagnosis, oncology specialists recommended a forefoot amputation and a SLNB. The SLNB involved the removal of a lymph node near John's stomach to assist the oncologist with staging the cancer—to understand if the cancer had metastasized to a lymph node. Both procedures were performed at NWSH, after which the removed forefoot was placed into a pathology specimen bag and the lymph node was placed in a specimen cup. Purportedly, both specimens were subsequently placed in a second sealed bag, which was then placed in a locked drop box at NWSH for pickup by Incyte.

Two days after the surgeries, NWSH received notice from Incyte that the lymph node was missing. NWSH subsequently searched the operating rooms, refrigerators, and the dumpster, but did not find the missing specimen.

The Beebes filed a complaint against NWSH for medical malpractice and negligence and against Incyte for simple negligence. They later amended their complaint to add Cheryl's claim for loss of consortium. John sought damages from NWSH for the value of the lost lymph node, personal injury, pain and suffering, and medical expenses. They later filed a motion to amend their complaint again. Relevant to this appeal, they sought to add a claim for intentional infliction of emotional distress (IIED).

NWSH filed a motion for summary judgment, arguing that the Beebes' negligence claim should be dismissed for several reasons, including the failure to establish that any conduct by NWSH proximately caused the damages sought; that the Beebes' IIED claim should be dismissed because the Beebes failed to present evidence of severe emotional injury; and that Cheryl's loss of consortium claim should be dismissed for two reasons: (1) because the loss of consortium claim was derivative of John's negligence claim and, therefore, if John's negligence claim was dismissed, so should Cheryl's loss of consortium claim; and (2) because Cheryl did not establish that John suffered a physical injury and a loss of consortium claim cannot be predicated solely on an emotional injury. Notably, at the time NWSH moved for summary judgment on the emotional distress claims, the Beebes' motion to amend their complaint was pending. As a result, the Beebes' opposition to NWSH's motion for summary judgment argued that it was premature and also that they had pleaded a viable claim in their proposed amended complaint. The Beebes' opposition did not address NWSH's argument concerning the loss of consortium claim.

The district court heard oral argument on the Beebes' motion to amend and granted the Beebes' motion to amend their complaint to add the emotional distress claims. The district court then heard argument on NWSH's motion for summary judgment, after which the district court issued its order granting in part and denying in part NWSH's motion. The district court denied summary judgment on John's negligence claim after determining that there was a genuine issue of material fact "as to the loss of the lymph node specimen being an actual and proximate cause of damages relating to the value of the lost lymph node specimen, personal injury and pain and suffering." The district court granted NWSH's motion for summary judgment on John's IIED claim because he failed to provide evidence that he suffered a permanent emotional injury or that he suffered an emotional injury causally connected to NWSH's recklessness; and on Cheryl's loss of consortium claim because she failed to offer argument or point to evidence in the record to support the claim.

The Beebes subsequently filed a motion for reconsideration of the summary judgment decision in NWSH's favor. Specifically, the Beebes argued that John submitted a declaration in which he identified physical manifestations of his emotional harm and that those facts were sufficient to support the loss of consortium claim. Further, Cheryl argued that summary judgment on the loss of consortium claim was only appropriate if the district court had dismissed all of John's tort claims, which had not occurred because his negligence claim survived. Cheryl also argued that

if a loss of consortium claim required evidence of a physical injury, the district court had found in its summary judgment decision that John suffered a physical injury in the form of pain from the SLNB procedure. Finally, John argued that he pleaded outrageous conduct by NWSH, which was sufficient to support his IIED claim and that his IIED claim was a sufficient basis for Cheryl's loss of consortium claim. The district court held a hearing on the Beebes' motion to reconsider, where it orally denied the motion and concluded that there was no factual basis for the IIED or loss of consortium claims.

Roughly two weeks before trial, Incyte settled with the Beebes, and John stipulated to dismiss his claims against Incyte with prejudice. John and NWSH subsequently participated in a five-day jury trial on John's remaining negligence claim against NWSH.

On the fourth day of trial, the district court held a jury instruction conference to discuss proposed jury instructions. On the element of proximate cause for John's negligence claim, John requested the district court give pattern Idaho Jury Instruction ("IDJI") 2.30.2, which sets forth a "substantial factor" test for proximate cause. NWSH requested a modified version of IDJI 2.30.1, which sets forth a "but for" test for proximate cause. The district court made a preliminary ruling that it would give IDJI 2.30.2, the "substantial factor" instruction that John requested.

The next day, the district court held a final jury instruction conference. NWSH argued that the district court should give the "but for" proximate cause instruction rather than the "substantial factor" instruction because John had argued that the hospital (a single actor) caused the injury (a single cause). John argued the substantial factor instruction should be given because the case involved "the negligent conduct of two or more persons or entities contribut[ing] concurrently as substantial factors." The district court stated that it had been persuaded by NWSH's argument and would give the jury IDJI 2.30.1, the "but for" proximate cause instruction.

The jury returned a unanimous verdict in favor of NWSH. The district court subsequently entered judgment reflecting the jury verdict. The Beebes timely appealed.

## II.    ISSUES ON APPEAL

1. Whether the district court erred by instructing the jury with IDJI 2.30.1, which sets forth a "but for" test for determining proximate cause?

2. Whether the district court erred by dismissing Cheryl's loss of consortium claim?

3. Whether this Court needs to address the additional issues raised by NWSH?

4. Whether either party is entitled to attorney fees?

5. Whether, in the event of remand, the case should be reassigned to a different district judge?

## III.    STANDARD OF REVIEW

"Whether a jury instruction is correct 'is a question of law over which this Court exercises free review, and the standard of review of whether a jury instruction should or should not have been given, is whether there is evidence at trial to support the instruction.'" *Secol v. Fall River Med., P.L.L.C.*, 168 Idaho 339, 355, 483 P.3d 396, 412 (2021) (quoting *Smith v. Mitton*, 140 Idaho 893, 899, 104 P.3d 367, 373 (2004)). This Court's review of issues relating to jury instructions "is limited to a determination of whether the instructions, as a whole, fairly and adequately present the issues and state the law. When the instructions, taken as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error." *Id.* (citation omitted).

This Court reviews a trial court's decision granting a motion for summary judgment by using the same standard of review that was used "by the trial court in passing on the motion." *Kelly v. Kelly*, 171 Idaho 27, 34, 518 P.3d 326, 333 (2022) (quoting *Pratt v. State Tax Comm'n*, 128 Idaho 883, 884, 920 P.2d 400, 401 (1996)). "Summary judgment is appropriate 'if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting *Lee v. Litster*, 161 Idaho 546, 549, 388 P.3d 61, 64 (2017)). "If there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review." *Boise Mode, LLC v. Donahoe Pace & Partners Ltd.*, 154 Idaho 99, 103, 294 P.3d 1111, 1115 (2013) (quoting *Cristo Viene Pentecostal Church v. Paz*, 144 Idaho 304, 307, 160 P.3d 743, 746 (2007)).

Like motions for summary judgment, this Court "employs 'the same standard of review used by the lower court in deciding the motion for reconsideration.'" *Petrus Fam. Tr. Dated May 1, 1991 v. Kirk*, 163 Idaho 490, 501, 415 P.3d 358, 369 (2018) (quoting *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012)). Accordingly, "when a motion to reconsider follows the grant of summary judgment, 'this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment.'" *Id.*

## IV.    ANALYSIS

### A. The district court erred by instructing the jury with the "but for" causation instruction in IDJI 2.30.1.

The Beebes contend that the district court erred by giving a "but for" jury instruction in what they contend is a "multiple cause, multiple defendant case" and should have instead instructed the jury with a "substantial factor" instruction. Additionally, the Beebes argue the "but

for" jury instruction prejudiced their case. Finally, the Beebes argue NWSH invited error because NWSH requested the "but for" instruction.

NWSH contends that the Beebes forfeited their argument that John's preexisting condition made this case a multiple cause case. NWSH argues that if this Court concludes the instruction was given in error, the Beebes invited error by failing to strike the "but for" language from their proposed instruction. NWSH also argues that the district court properly instructed the jury with the "but for" causation instruction.

1. <u>The Beebes preserved their argument that the district court erred by giving the jury the "but for" causation instruction.</u>

NWSH first argues that the Beebes forfeited their argument that this was a multiple cause case because the Beebes failed to make this argument during either jury instruction conference. The Beebes maintain that they preserved this argument because the contention that a multiple defendant case warrants a substantial factor instruction also encompasses the argument that a case involving multiple potential causes warrants a substantial factor instruction.

This Court generally will not consider issues that have been raised for the first time on appeal. *State v. Pizzuto*, 171 Idaho 100, 112, 518 P.3d 796, 808 (2022). That said, "[t]his Court can hear refined legal arguments regarding an issue heard and decided by the court below, but in fairness to the district court and the opposing party, we cannot usurp the district court's role by deciding new legal issues in the first instance." *Siercke v. Siercke*, 167 Idaho 709, 716, 476 P.3d 376, 383 (2020) (citing *State v. Gonzalez*, 165 Idaho 95, 98–99, 439 P.3d 1267, 1270–71 (2019)). As this Court has stated, "[a] groomed horse is expected on appeal, but a different horse is forbidden." *Gonzalez*, 165 Idaho at 99, 439 P.3d at 1271.

The record reveals that at the jury instruction conference, the Beebes argued that a "substantial factor" instruction should be given because this case involved multiple parties with potential liability. The legal issue before the district court was whether a "substantial factor" or a "but for" instruction should have been given on the issue of proximate cause. That is the same legal question before us on appeal. Before the district court, the Beebes argued that the reason a "substantial factor" instruction should be given was that the case involved two or more persons or entities that "contribute[d] concurrently as substantial factors." On appeal, the Beebes argue that not only was this a multiple defendant case, but it was also a multiple cause case and that both circumstances support giving a "substantial factor" instruction. The Beebes' argument on appeal

is permissible because it is a refinement of the argument they raised below, not a new legal issue. Therefore, we conclude that the Beebes preserved this issue for appeal.

2.  The district court erred in giving the jury a "but for" causation instruction.

The district court instructed the jury by giving IDJI 2.30.1, which is titled "Proximate cause – 'but for' test":

> When I use the expression "proximate cause," I mean a cause which, in natural or probable sequence, produced the complained injury, loss or damage, and but for that cause the damage would not have occurred. It need not be the only cause. It is sufficient if it is a substantial factor in bringing about the injury, loss or damage. It is not a proximate cause if the injury, loss or damage likely would have occurred anyway.
>
> There may be one or more proximate causes of an injury. When the negligent conduct of two or more persons or entities contribute concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury.

The district court refused the Beebes' requested instruction, IDJI 2.30.2, which is titled "Proximate cause--'substantial factor,' without 'but for' test":

> When I use the expression "proximate cause," I mean a cause that, in natural or probable sequence, produced the injury, the loss or the damage complained of. It need not be the only cause. It is sufficient if it is a substantial factor in bringing about the injury, loss or damage. It is not a proximate cause if the injury, loss or damage likely would have occurred anyway.
>
> There may be one or more proximate causes of an injury. When the negligent conduct of two or more persons or entities contributes concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury.

When giving proximate cause instructions in negligence actions, trial courts can give either the "but for" instruction or the "substantial factor" instruction depending on the circumstances. *Le'Gall v. Lewis County*, 129 Idaho 182, 186, 923 P.2d 427, 431 (1996). "The but for instruction and the substantial factor instruction are mutually exclusive." *Id.* at 187, 923 P.2d at 432. "This Court has 'specifically reject[ed]' the inclusion of the 'but for' test where more than one cause could have brought about the injury." *Newberry v. Martens*, 142 Idaho 284, 288, 127 P.3d 187, 191 (2005) (quoting *Fussell v. St. Clair*, 120 Idaho 591, 818 P.2d 295 (1991)).

The Beebes argue that this Court has clearly stated that in a multiple cause or multiple defendant case, a "but for" instruction is inappropriate and a "substantial factor" instruction must

be given. The Beebes contend this was a multiple cause case because during proceedings before the district court, NWSH argued several alternative causes for the damages that John suffered, including his preexisting cancer and preexisting depression. The Beebes argue this was a multiple defendant case because he alleged negligence claims against both NWSH and Incyte. The Beebes also contend that a substantial factor instruction should have been given because they presented evidence that NWSH's negligence aggravated John's preexisting condition.

NWSH argues that the "but for" jury instruction was appropriate because this was a single defendant, single cause case. NWSH contends that the Beebes did not allege that NWSH's negligence was simultaneous or concurrent with the negligence of Incyte and therefore, the only questions for the jury were whether NWSH was negligent and if so, whether its negligence proximately caused John's claimed damages. Additionally, NWSH contends that aggravation of a preexisting condition does not require a "substantial factor" jury instruction.

We discussed the two proximate cause jury instructions in *Fussell*. In that case, a child suffered brain damage at birth and the parents alleged a medical malpractice claim against the doctor who delivered the baby. *Fussell,* 120 Idaho at 592, 818 P.2d at 296. At trial, the parents argued the doctor was negligent during the delivery, while the doctor argued he was not negligent and the brain damage occurred "independent of any negligence on the part of the doctor[.]" *Id.* The trial court gave a "but for" proximate cause instruction to the jury. *Id.* On appeal, this Court determined the "but for" language was inappropriate because the evidence at trial produced multiple potential causes that contributed to the injury:

> [I]n an action for medical malpractice when there is evidence of two or more causes that contributed to the damage suffered, for only one of which the doctor is responsible, the proper proximate cause instruction should instruct the jury that any negligence of the doctor was a proximate cause of the injury if it was a substantial factor in bringing about the damage. We specifically reject the inclusion of an instruction under these circumstances requiring the claimant to prove that the injury would not have occurred "but for" the doctor's negligence.

*Id.* at 591, 818 P.2d at 295.

We addressed the two instructions again in *Newberry*. There, the plaintiff felt something strike his right eye after hammering metal on metal and subsequently sought medical care from the defendant doctor. *Newberry*, 142 Idaho at 286, 127 P.3d at 189. The doctor was unable to locate any foreign matter in the eye, prescribed the plaintiff antibiotics and sent him home. *Id.* Days later, the plaintiff experienced complete vision loss and sought treatment from an

ophthalmologist, who located a small piece of metal in the plaintiff's eye but was unable to restore the plaintiff's vision. *Id.* It was later determined that the plaintiff lost his vision due a combination of the metal shard and the subsequent introduction of bacteria into the eye. *Id.*

The plaintiff sued the doctor for medical malpractice. *Id.* At trial, the plaintiff argued that the doctor's negligence caused his vision loss because the doctor failed to locate the metal shard that contributed to his blindness. *Id.* at 288, 127 P.3d at 191. The doctor argued the vision loss was not due to any negligence of the doctor, but instead due to the bacteria that was introduced at the moment the metal shard entered the plaintiff's eye, before the plaintiff sought medical care. *Id.* The trial court instructed the jury with a "substantial factor" instruction and the jury found in favor of the patient. *Id.*

On appeal, the doctor argued the "substantial factor" instruction was improper because the case only included a single cause of the plaintiff's injury—the bacteria. *Id.* at 287–88, 127 P.3d at 190–91. This Court determined that the doctor's argument ignored the plaintiff's evidence at trial that the doctor's negligence in failing to locate the metal shard contributed to the injury. *Id.* at 289, 127 P.3d at 192. This Court affirmed the district court's decision to give the substantial factor instruction and held the doctor "cannot simultaneously point to a second cause, independent of his negligence, and at the same time maintain that this is a single cause case." *Id.* Because the case included multiple potential causes of the injury, the district court properly gave the "substantial factor" instruction. *Id.* at 291, 127 P.3d at 194. "In short, the 'but for' test may be employed when there is a single possible cause, but when there are multiple possible causes of the plaintiff's injury a 'substantial factor' instruction must be given instead." *Id.* at 288, 127 P.3d at 191 (citation omitted).

Thus, this Court has consistently held that the "substantial factor" jury instruction must be given when the evidence at trial produces multiple potential causes that could have contributed to a plaintiff's injury. The record reveals that this was such a case. At trial, John testified that he feared a recurrence of cancer after the surgical procedures. John also testified that he experienced increased fear and anxiety after the SLNB was lost because he could not obtain the lymph node test results, which would have allowed his doctor to grade his cancer and determine whether it had spread. This evidence demonstrated two potential causes of John's emotional distress: John's cancer and the loss of the SLNB. Further, NWSH argued at trial and on appeal that John already had emotional distress due to his preexisting depression.

The fact that NWSH argued multiple causes for John's emotional distress case is also evidenced by NWSH's requested jury instructions. NWSH's Proposed Instruction No. 10 included the statement that NWSH "asserts the affirmative defense that all of Plaintiff's asserted damages were solely the result of Plaintiff's pre-existing cancer." Its Proposed Instruction No. 11 stated that "[i]f the jury finds that Plaintiff's injuries were not solely the result of Plaintiff's pre-existing cancer diagnosis, Defendant further asserts that Plaintiff's damages were, in part, the result of Plaintiff's pre-existing cancer." Its Proposed Instruction No. 13 included the assertion "that Plaintiff was negligent and contributed to his own injuries."

As this Court noted in *Newberry*, NWSH cannot "point to a second cause, independent of [its] negligence, and at the same time maintain that this is a single cause case." 142 Idaho at 289, 127 P.3d at 192. The evidence adduced at trial, and the arguments asserted by NWSH, establish that NWSH alleged multiple causes at trial for John's emotional distress in furtherance of its defense that even if it were negligent, its negligence did not proximately cause John's emotional distress. As a result, the district court erred in giving the "but for" jury instruction. This was a multiple cause case and, therefore, the district court should have given the "substantial factor" instruction. *See Fussell*, 120 Idaho at 593, 818 P.2d at 297.

Because this is a multiple cause case, it is unnecessary to address John's other arguments that a "substantial factor" instruction should have been given because there were multiple defendants and NWSH's negligence aggravated a preexisting condition.

3. The Beebes were prejudiced by the erroneous jury instruction.

"The appellant has the burden to clearly show prejudicial error from an erroneous jury instruction." *Garcia v. Windley*, 144 Idaho 539, 543, 164 P.3d 819, 823 (2007) (citing *Clark v. Klein*, 137 Idaho 154, 159, 45 P.3d 810, 815 (2002)). "When the instructions, as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error." *Newberry*, 142 Idaho at 287, 127 P.3d at 190 (quoting *Bailey v. Sanford*, 139 Idaho 744, 750, 86 P.3d 458, 464 (2004)). "An erroneous instruction is prejudicial when it could have affected or did affect the outcome of the trial." *Garcia*, 144 Idaho at 543, 164 P.3d at 823 (citation omitted).

The Beebes argue that the jury instruction prejudiced them because the jury was presented with a single cause jury instruction, when in fact there were multiple potential causes contributing to his injury. NWSH argues that the jury instruction did not prejudice the Beebes, because although it included the "but for" language, it also included "substantial factor" language.

To begin, NWSH's argument that the jury instruction did not prejudice the Beebes because it included the "substantial factor" language is unpersuasive. This Court has specifically rejected giving a "but for" instruction in a multiple cause case. *See Fussell*, 120 Idaho at 591, 818 P.2d at 295. The fact that IDJI 2.30.1 also includes "substantial factor" language does not ameliorate the erroneous "but for" language. At best, it creates confusion because it presents the two different proximate cause standards in the same instruction.

We hold that the inclusion of the "but for" language was prejudicial in this case. The instruction could have misled the jury because it directed the jury to consider a single cause of the injury when in fact, NWSH argued there were multiple potential causes. As a result, the jury instruction could have affected the outcome of the trial. *Garcia*, 144 Idaho at 546, 164 P.3d at 826. Therefore, we vacate the judgment and remand for a new trial.

    4.  <u>Both parties' invited error arguments are without merit.</u>

Both parties contend that the other invited error concerning the jury instruction. The Beebes argue NWSH invited error because NWSH requested the "but for" jury instruction. NWSH argues the Beebes invited error by requesting a jury instruction that included the language "[i]t is not a proximate cause if the injury, loss or damage likely would have occurred anyway."

"The doctrine of invited error applies to estop a party from asserting an error when [the party's] own conduct induces the commission of the error." *City of Middleton v. Coleman Homes, LLC*, 163 Idaho 716, 727, 418 P.3d 1225, 1236 (2018) (quoting *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009)). In other words, "a party cannot 'successfully complain of errors [the party] has acquiesced in or invited.'" *Id.* at 727, 418 P.3d at 1236 (quoting *Taylor v. McNichols*, 149 Idaho 826, 833, 243 P.3d 642, 649 (2010)). Accordingly, an error is not reversible if the party invited the error. *Id.* The invited error doctrine also applies to jury instructions. *State v. Blake*, 133 Idaho 237, 240, 985 P.2d 117, 120 (1999). "The purpose of the invited error doctrine is to prevent a party who caused or played an important role in prompting a trial court to give or not give an instruction from later challenging that decision on appeal." *Id.*

We first conclude that the Beebes' invited error argument is without merit. NWSH does not contend the district court erred in giving the "but for" instruction, but instead urges this Court to affirm the district court's decision to give the instruction. The invited error argument simply does not apply to NWSH's argument on appeal.

We next conclude that NWSH's invited error argument is without merit because the district court did not give the Beebes' proposed jury instruction. "The purpose of the invited error doctrine is to prevent a party who caused or played an important role in prompting a trial court to give or not give an instruction from later challenging that decision on appeal." *Blake*, 133 Idaho at 240, 985 P.2d at 120. Because the district court did not give the Beebes' proposed instruction, the invited error doctrine does not apply to the Beebes' argument on appeal.

## B. The district court erred in granting summary judgment in favor of NWSH on Cheryl's loss of consortium claim.

The Beebes argue the district court erred in not reconsidering its dismissal of Cheryl's loss of consortium claim because John produced additional evidence of physical injury and tortious conduct. NWSH contends that the Beebes forfeited their argument relating to the motion for reconsideration because they failed to include the motion for reconsideration in their issues on appeal. Additionally, NWSH argues that the district court properly granted summary judgment because a loss of consortium claim must be based on a physical injury or a claim for intentional infliction of emotional distress, and the Beebes failed to establish either circumstance in this case.

### 1. The Beebes did not forfeit their issue regarding the district court's denial of their motion for reconsideration.

NWSH argues that because the Beebes did not list the district court's denial of their motion to reconsider as an issue in the opening brief on appeal, they forfeited the issue.

Idaho Appellate Rule 35(a)(4) provides:

Issues Presented on Appeal. A list of the issues presented on appeal, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of the issues should be short and concise, and should not be repetitious. The issues shall fairly state the issues presented for review. The statement of issues presented will be deemed to include every subsidiary issue fairly comprised therein.

The "[f]ailure of the appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of that issue on appeal." *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991) (citing *State v. Prestwich*, 116 Idaho 959, 961, 783 P.2d 298, 300 (1989)). "However, this Court has indicated that this rule might be relaxed where the issue was addressed by authorities cited or arguments contained in the briefs." *Prestwich*, 116 Idaho 959 at 961, 783 P.2d 298 at 300 (citations omitted), *abrogated on other grounds by State v. Guzman*, 122 Idaho 981, 842 P.2d 660 (1992).

NWSH is correct that the Beebes only mentioned the district court's decision on summary judgment in their issues on appeal. However, the motion to reconsider did present additional argument and evidence challenging the district court's decision on summary judgment and the two motions argued the same issues. While the Beebes did not expressly mention the motion to reconsider in the statement of issues in their opening brief, the Beebes addressed the precursor motion on summary judgment and provided argument and authority in their brief concerning the related motion for reconsideration. We conclude that the fact the two motions were related and argued the same issues, combined with the Beebes' argument and authority on both issues in their opening brief is sufficient to preserve the issue for appeal.

2.  The district court erred when it denied the Beebes' motion to reconsider.

At the outset, NWSH argues that the Beebes first raised this argument in their reply brief in support of their motion to reconsider. NWSH cites *Franklin Building Supply Company v. Hymas*, 157 Idaho 632, 640, 339 P.3d 357, 365 (2014), for the premise that the district court does not have to consider arguments made for the first time in reply memoranda. In *Franklin Building Supply*, this Court determined it was within the district court's discretion to disregard a party's argument if the argument is raised for the first time in a reply memorandum. 157 Idaho at 640, 339 P.3d at 365. Notably, the district court expressly refused to consider the party's argument because it was raised for the first time in the party's reply memorandum. *Id.* at 636, 339 P.3d at 361.

In their initial brief on reconsideration, the Beebes argued that the loss of consortium claim should have survived summary judgment because evidence established a physical harm to John. In their reply brief on reconsideration, the Beebes cited *Conner v. Hodges*, 157 Idaho 19, 333 P.3d 130 (2014), and argued that there is no physical injury requirement for a loss of consortium claim. Accordingly, NWSH is correct that the Beebes did not make the specific assertion that there is no physical injury requirement within loss of consortium claims in their initial brief on reconsideration. However, at the close of the hearing on the motion to reconsider, the district court merely stated that there was no factual basis for the loss of consortium claim. Therefore, we cannot tell from the district court's decision whether it acted within its discretion and disregarded the argument because it was raised for the first time in a reply memorandum, or if it considered it and incorrectly rejected it based on its reading of *Zaleha v. Rosholt, Robertson & Tucker, Chartered*, 131 Idaho 254, 953 P.2d 1363 (1998). As a result, we do not believe the Beebes forfeited the argument on appeal.

When faced with a motion to reconsider, the trial court "must consider any new admissible evidence or authority bearing on the correctness of [the] order." *Fisk v. McDonald*, 167 Idaho 870, 892, 477 P.3d 924, 946 (2020) (quoting *Jackson v. Crow*, 164 Idaho 806, 811, 436 P.3d 627, 632 (2019)). "When the district court grants summary judgment and then denies a motion for reconsideration, this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment." *Id.* at 892, 477 P.3d at 946 (citation omitted).

A "claim for loss of consortium is a wholly derivative cause of action contingent upon a third party's tortious injury to a spouse." *Zaleha*, 131 Idaho at 256, 953 P.2d at 1365 (quoting *Runcorn v. Shearer Lumber Prods., Inc.*, 107 Idaho 389, 394, 690 P.2d 324, 329 (1984)). The parties, however, dispute the type of tortious injury required to support a loss of consortium claim. NWSH cites our decision in *Zaleha* for the premise that a loss of consortium claim requires either a physical injury or intentional infliction of emotional distress on the claimant's spouse: "When there has been no physical injury, '[t]he loss of consortium issue [is] dependent upon the issue of intentional infliction of emotional distress' suffered by the injured spouse." *Id.* (quoting *O'Dell v. Basabe*, 119 Idaho 796, 809, 810 P.2d 1082, 1095 (1991)).

The Beebes, on the other hand, cite our decision in *Conner* for the premise that a loss of consortium claim may be based on any tortious act committed to the spouse: "An award for loss of consortium is warranted when the tortious act of the defendant causes injury to the plaintiff's spouse, causing the plaintiff to suffer the loss of services, aid, society, companionship, comfort, and conjugal affection of their spouse." 157 Idaho at 27, 333 P.3d at 138. The Beebes further contend that even if *Zaleha* controls, and they are required to demonstrate a physical injury or IIED claim, that the district court recognized that John suffered a physical injury in the form of pain from the SLNB procedure. The Beebes, however, have not appealed the dismissal of John's IIED claim and do not argue that John's IIED claim could support the loss of consortium claim.

*Conner* accurately states the law and we reaffirm that any tortious act of the defendant which causes injury to a plaintiff's spouse can support a plaintiff's claim for loss of consortium. NWSH has taken one sentence from *Zaleha* out of context and as a result reads the decision too narrowly. The paragraph surrounding the sentence at issue provided:

> "The claim for loss of consortium is a wholly derivative cause of action contingent upon a third party's tortious injury to a spouse." *Runcorn v. Shearer Lumber Prods., Inc.*, 107 Idaho 389, 394, 690 P.2d 324, 329 (1984). A loss of consortium claim should be pursued together with, and in conjunction to, the injured spouse's claim

against the third party tortfeasor. This is because the extent of the injury to the injured spouse will determine the scope of the loss of consortium. A loss of consortium claim is necessarily dependent upon the injured spouse's success or failure in the underlying claim against the third party. When there has been no physical injury, "[t]he loss of consortium issue [is] dependent upon the issue of intentional infliction of emotional distress" suffered by the injured spouse. *O'Dell v. Basabe*, 119 Idaho 796, 809, 810 P.2d 1082, 1095 (1991). The loss of consortium springs from only one injury—the injury to the injured spouse. *See Thompson v. St. Paul Fire & Marine Ins. Co.*, 108 Idaho 802, 803, 702 P.2d 840, 841 (1985) (grouping loss of consortium claim with claim of injured spouse as one claim for applying per person liability policy limits).

*Zaleha,* 131 Idaho at 256, 953 P.2d at 1365. This discussion in *Zaleha* was not for purposes of identifying a rule of law concerning what types of tort claims will support a spouse's claim for loss of consortium. Instead, our discussion was part of our analysis about whether Mrs. Zaleha could bring an independent loss of consortium claim. *Id.* at 256–57, 131 Idaho at 1365–66. Mr. Zaleha was not a plaintiff in Mrs. Zaleha's lawsuit, and as a result, there was no spousal tort claim to support Mrs. Zaleha's loss of consortium claim. *Id.* at 255, 257, 953 P.2d at 1364, 1366. We affirmed the district court's dismissal of Mrs. Zaleha's loss of consortium claim because it was not pursued in conjunction with a tort claim by her husband. *Id.* at 257, 953 P.2d at 1366. In short, the quoted sentence from *Zaleha* did not state a decisional rule of law which decided that case.

Further, the *Zaleha* quote that NWSH relies on cited to *O'Dell*. The decision in *O'Dell* also did not state that a loss of consortium claim could only be based on a tortious act involving physical injury or intentional infliction of emotional distress to the plaintiff's spouse. In that case, the plaintiffs were a husband and wife who asserted claims against the husband's former employer and one of its employees. *O'Dell*, 119 Idaho at 803, 810 P.2d at 1089. However, this discussion was not stating a rule of law for loss of consortium claims. Rather, it was simply observing that the wife's loss of consortium claim in that case was premised on her husband's claim for intentional infliction of emotional distress. When the Court later quoted one sentence from that discussion in *Zaleha*, that sentence was taken out of context and stated in a way that mistakenly gave it the appearance of a rule of law. Therefore, we abrogate our statement in *Zaleha* to the extent it states a rule of law that a loss of consortium claim can only be based on a tortious act involving physical injury or intentional infliction of emotional distress on the plaintiff's spouse.

The Beebes are correct that our other case law on loss of consortium claims recognizes that any tortious act against a spouse can support a corresponding loss of consortium claim. In *Conner*, this Court did not cite to the "physical injury or intentional infliction of emotional distress to the

spouse" sentence from *Zaleha*. Instead, we recognized that, "[a]n award for loss of consortium is warranted *when the tortious act of the defendant* causes injury to the plaintiff's spouse, causing the plaintiff to suffer the loss of services, aid, society, companionship, comfort, and conjugal affection of their spouse." *Conner*, 157 Idaho at 27, 333 P.3d at 138 (emphasis added) (citations omitted).

NWSH's sole basis for its motion for summary judgment was that the Beebes failed to assert a physical injury or viable IIED claim. As noted above, NWSH included the wrong legal standard for loss of consortium claims. The district court subsequently granted summary judgment in favor of NWSH based on this argument. In response to the Beebes' motion for reconsideration, the district court stated there was no factual basis for the loss of consortium claim. However, the district court allowed the medical malpractice claim against NWSH to go to trial. That claim alleged that NWSH committed a tortious act against John, which was sufficient to support Cheryl's loss of consortium claim. Given our decision vacating the judgment on the negligence claim, and our holding above that a loss of consortium claim can attach to any tortious act against a spouse, we reverse the district court's grant of summary judgment on Cheryl's loss of consortium claim.

## C. We decline to address NWSH's additional issues on appeal.

NWSH raises additional issues on appeal, including errors in the district court's admission of expert testimony, denial of NWSH's motion for a directed verdict, and permission allowing Beebe to seek personal injury damages. NWSH did not file a cross-appeal. Generally, a party must file a cross-appeal if it seeks to change or add to relief the district court provided; however, a cross-appeal is not required when the party asks us to sustain a judgment on grounds presented to, but not relied on by, the district court. *Gordon v. Hedrick*, 159 Idaho 604, 612, 364 P.3d 951, 959 (2015) (quoting *Noak v. Idaho Dep't of Corr.*, 152 Idaho 305, 310, 271 P.3d 703, 708 (2012)). NWSH's briefing on appeal does not raise the additional issues in an effort to sustain the judgment in this case on alternative grounds. Rather it raises the issues in an effort to change other decisions of the district court with which it disagrees. Thus, NWSH failed to preserve these issues when it did not file a cross-appeal and we therefore decline to consider them.

## D. Neither party is entitled to attorney fees on appeal.

The Beebes request attorney fees on appeal pursuant to Idaho Code section 12-121. Under Idaho Code section 12-121, a court "may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously,

unreasonably or without foundation." John obtained a new trial on his negligence claim, and Cheryl obtained the reversal of summary judgment on her loss of consortium claim. As a result, they are the prevailing parties on appeal. However, we do not believe that NWSH's arguments on appeal were frivolous, unreasonable, or without foundation. As a result, we deny the Beebe's request for attorney fees.

NWSH requests attorney fees pursuant to Idaho Code section 12-121 and Idaho Appellate Rules 40 and 41. NWSH, however, is not a prevailing party and we therefore deny its request for attorney fees.

### E. The Beebes are entitled to a new judge on remand.

The Beebes requests reassignment on remand pursuant to *Secol*. In *Secol*, this Court vacated the judgment entered following a jury trial and remanded the matter for a new trial. *Id.* at 358, 483 P.3d at 415. In part, this Court determined the district court's questioning at trial deprived the plaintiffs of a fair trial and created the impression of bias. *Id.* at 350, 483 P.3d at 407. Given the appearance of bias, we ordered that the case to be reassigned to a different district judge on remand. *Id.* at 358, 483 P.3d at 415.

Here, the Beebes did not specifically argue the case should be reassigned due to bias on the part of the district court. Nonetheless, the record reveals that after trial concluded, the district court berated both counsel in front of their clients, harshly criticized their performance during trial, and stated it would impose limitations on them if they were to try a case in front of him in the future. These comments stand in stark contrast to other comments made by the district court during motion hearings, where he thanked each of the same counsel for their briefing and argument.

It is appropriate, following the conclusion of a jury trial, for a district court to offer some constructive feedback to the attorneys. This typically occurs off-the-record, out of the presence of the clients. However, the remarks in this case, offered little in the form of constructive feedback and instead amounted to a heated attack on the competence and demeanor of both attorneys in the presence of their clients. This would have been inappropriate in any setting, but to berate the attorneys in front of their clients was unnecessary and beyond the pale. While we offer no opinion as to whether the criticisms were justified, even if the district court was frustrated with the performance of the attorneys during the trial, the remedy for unprofessional or poor performance was to either address the issues as they arose during the trial, provide appropriate *constructive* feedback following the trial and, if the performance appears to violate the Idaho Rules of

Professional Conduct, report the concerns to Bar Counsel for the Idaho State Bar. In this case, the district court's comments crossed the line from constructive feedback to personal attacks, and exhibited clear bias against both attorneys. As a result, a new district court judge shall be assigned on remand.

## V.  CONCLUSION

For the reasons set forth above, we vacate the district court's judgment and remand this matter for a new trial. On remand, a new district judge shall be assigned to preside over the trial. No attorney fees on appeal are awarded to either party, but we award costs to the Beebes as the prevailing parties.

Chief Justice BEVAN, Justices BRODY, STEGNER, and MOELLER CONCUR.